FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2013 JUL 22  P 12: 54

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Telebuyer, LLC,

        Plaintiff,

    v.

Amazon.com, Inc., Amazon Web Services
LLC, and VADATA, Inc.,

        Defendants.

Civil Action No. *1: 13cv884*
*LMB / TCB*

COMPLAINT FOR PATENT INFRINGEMENT
JURY TRIAL DEMANDED

Plaintiff Telebuyer, LLC ("Plaintiff" or "Telebuyer") alleges as follows:

## PARTIES

1.      Plaintiff is a California Limited Liability Company, formed by inventor Ronald A. Katz.  Plaintiff's principal place of business is 9229 Sunset Blvd., Suite 850, Los Angeles, California, 90069.

2.      On information and belief, Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal executive offices at 410 Terry Avenue North, Seattle, Washington, 98109.  Amazon.com may be served through its registered agent for service, Corporation Service Company, located at 300 Deschutes Way Southwest, Suite 304, Tumwater, Washington, 98501.

3.      On information and belief, Amazon Web Services LLC ("AWS") is a Delaware limited liability company.  On information and belief, AWS has a place of business at 13461 Sunrise Valley Drive, Herndon, Virginia, 20171.  AWS may be served through its registered agent for service, Corporation Service Company, located at Bank of America Center, 16th Floor,

1111 East Main Street, Richmond, Virginia, 23219. On information and belief, AWS is a wholly owned subsidiary of Amazon.com.

4.     On information and belief, VADATA, Inc. ("VADATA") is a Delaware corporation. On information and belief, VADATA has a place of business at 21830 Uunet Drive, Ashburn, Virginia, 20147. VADATA may be served through its registered agent for service, Corporation Service Company, located at Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia, 23219. On information and belief, VADATA was formerly known as Amazon.com VADATA, Inc. On information and belief, VADATA is a wholly owned subsidiary of Amazon.com.

5.     On information and belief, at all times relevant hereto, each of Amazon.com, AWS and VADATA was acting in concert with the others, and as the agent of the others, in performing the acts herein complained of, and was at all relevant times acting within the course and scope of said agency.

## JURISDICTION AND VENUE

6.     This action is for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271(a)–(b). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

7.     The Court has personal jurisdiction over Amazon.com because, on information and belief, Amazon.com has done and continues to do substantial business in this judicial district, has continuous and systematic contacts within this judicial district, has committed and continues to commit acts of patent infringement in this judicial district, and has harmed and

continues to harm Telebuyer in this judicial district by, among other things, using infringing systems and/or methods in this judicial district from which it earns substantial revenues.

8.      On information and belief, Amazon.com operates various commercial websites, including www.amazon.com, that are available to residents of this judicial district, offers to sell various products and services to residents of this judicial district, and sells various products and services to residents of this judicial district.   Furthermore, on information and belief, Amazon.com maintains and/or has maintained one or more offices or facilities in this judicial district that employ and/or have employed residents of this judicial district to support its websites.  On information and belief, such offices or facilities include data centers in this judicial district that are or were maintained by Amazon.com, which house data, software, and hardware that support its websites.  On information and belief, such data centers are or were located in one or more of: Ashburn, Virginia; Chantilly, Virginia; and, Manassas, Virginia.  On information and belief, Amazon.com also maintains in Chester, Virginia and Sterling, Virginia one or more customer fulfillment centers that house products available for sale on its websites.

9.      On information and belief, Amazon.com also operates wholly-owned subsidiary AWS in Herndon, Virginia.  On information and belief, since on or about November 10, 2010: (i) all or nearly all internet traffic for Amazon.com's websites are served by servers operated by AWS on behalf of Amazon.com; (ii) all or nearly all data related to customer transactions are stored on servers operated by AWS on behalf of Amazon.com; and (iii) the majority of all servers that handle internet traffic originating in the United States for Amazon.com's websites are located in this judicial district.

10.     The Court has personal jurisdiction over AWS because, on information and belief, AWS has done and continues to do substantial business in this judicial district, has continuous

and systematic contacts within this judicial district, has committed and continues to commit acts of patent infringement in this judicial district, and has harmed and continues to harm Telebuyer in this judicial district by, among other things, using infringing systems and/or methods in this judicial district from which it earns substantial revenues.

11.     On information and belief, AWS employs residents of this judicial district to operate and service data centers on behalf of customers, including Amazon.com. On information and belief, AWS is based in Herndon, Virginia. On information and belief, AWS operates at least ten data centers in Virginia (collectively, "Virginia Data Centers"), including one in Ashburn, Virginia. On information and belief, the Virginia Data Centers host servers that provide services for what AWS calls the "US East (Northern Virginia) Region." On information and belief, the Virginia Data Centers are the first data centers operated by AWS and were launched in 2006. On information and belief, the Virginia Data Centers host the majority of servers operated by AWS worldwide. On information and belief, the Virginia Data Centers contain the data, software, and hardware critical to the operation of Amazon.com's websites and constitute the locus of defendants' infringing activities.

12.     The Court has personal jurisdiction over VADATA because, on information and belief, VADATA has done and continues to do substantial business in this judicial district, has continuous and systematic contacts within this judicial district, has committed and continues to commit acts of patent infringement in this judicial district, and has harmed and continues to harm Telebuyer in this judicial district by, among other things, using infringing systems and/or methods in this judicial district.

13.     On information and belief, VADATA employs residents of this judicial district. On information and belief, VADATA operates in at least Ashburn, Virginia. On information and

belief, VADATA operates a data center in Virginia known as the Loudon Exchange Center located at 43831 Devin Shafron Drive, Ashburn, Virginia. On information and belief, VADATA also operates data centers at 4101 Westfax Drive in Fairfax County, Virginia; 7505 Mason King Court in Prince William County, Virginia; and 7510 Mason King Court in Prince William County, Virginia (collectively, "Fairfax and Prince William data centers"). On information and belief, the Loudon Exchange Center and Fairfax and Prince William data centers are operated on behalf of AWS and are data centers of AWS's Virginia Data Centers. On information and belief, Amazon.com and AWS maintain servers in the Loudon Exchange Center and Fairfax and Prince William data centers critical to the operation of Amazon.com's websites.

14.     Venue is properly laid in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Amazon.com, AWS, and VADATA are subject to personal jurisdiction, and have committed acts of patent infringement in this judicial district.

<strong><u>BACKGROUND OF THE INVENTOR AND TELEBUYER</u></strong>

15.     Mr. Ronald A. Katz is a renowned and prolific inventor who has started several businesses including Telebuyer, LLC, Telecredit, Inc., Light Signatures, Inc., FDR Interactive Technologies (the predecessor to Call Interactive), and Ronald A. Katz Technology Licensing, L.P.

16.     Mr. Katz is a technology visionary, who over the last half century has created and implemented ways for both consumers and businesses to use user-friendly, yet technologically sophisticated, services to increase the security of transactions, make communications more efficient, and reduce costs. He has been the sole inventor or one of the inventors on more than 80 U.S. patents.

17.     In 1961, Ronald A. Katz and partner Robert N. Goldman formed Telecredit, Inc., the nation's first on-line, real-time credit and check cashing authorization service, based on an innovative patented system.  Telecredit, under the guidance of Mr. Katz, broke new ground by inventing and implementing a wide variety of important technologies, methods and systems that shaped the retailing industry for years to come.   Mr. Katz and his colleagues created revolutionary database and communications technology that enabled retailers to have automated access to information about a check writer's habits—such as the number of checks written per week, driver's license information and any history of writing bad checks.  Telecredit gave retailers, for the first time, the ability to quickly verify whether a check was likely good or likely suspect.  Further, Mr. Katz and his colleagues invented and implemented the first automated check cashing insurance system, which provided protection to retailers with respect to checks verified by Telecredit.  Mr. Katz and his colleagues thereafter developed and patented counterfeit prevention systems that they commercialized through Light Signatures, Inc.

18.     In the mid 1980's, Mr. Katz invented new forms of communication between computers and telephones, focusing on emerging automated telephone interfaces such as voice response and other technologies.  Mr. Katz invented and patented systems and methods that allowed efficient, secure, and low cost transactions using interactive call handling technology. The patented technologies were the cornerstone of an enormous, interactive call processing system implemented in 1988 by FDR Interactive Technologies ("FDRIT"), which subsequently became Call Interactive, a unit of First Data Corporation, then an affiliate of American Express and AT&T Corp.  Mr. Katz served as a senior executive officer of FDRIT and Vice Chairman of American Express Information Services Corporation, one of the partners in Call Interactive.

19.    In the 1990s, Mr. Katz turned his focus to electronic commerce and network-based security systems.  By 1993, Mr. Katz had developed a computer-controlled videophone system for security monitoring of remote locations.  Following that, Mr. Katz designed and patented an advanced scheduling and routing system for telephone and video communications. Mr. Katz leveraged his knowledge and work in video communications and advanced scheduling and routing systems to design a system to help businesses reach customers in remote locations. As a result, Mr. Katz developed an electronic commerce system at the dawn of the dot com revolution before "ecommerce" became a household word.

20.    Mr. Katz's groundbreaking systems and methods included features that are central to today's successful e-commerce platforms.   These features include video presentations, especially high resolution or dynamic video presentations, showcasing products or services; searchable organization of products or services by categories and subcategories or by price; user-controllable high-quality images that allow zooming, panning, and other changes to the displayed product or service; vendor ratings to distinguish multiple vendors; according certain vendors priority designations; user-specific recommendations based on history or other metrics; targeted follow-up emails with purchase information, transaction confirmations, special offers, or product recommendations; live operator or chat capability; multiple modes of access to the e-commerce system via computer or via phone; social-network sharing; and personalized user accounts.

21.    On January 27, 1994—before any of the defendants Amazon.com, AWS, and VADATA even existed—Mr. Katz filed a patent application for his system and methods that became U.S. Patent No. 6,323,894 ("the '894 Patent").  The application for the '894 Patent grew into a patent portfolio that covers the numerous features and methods in Mr. Katz's system described above, most of which are implemented on Amazon.com's websites.

22.     Amazon.com's websites incorporate most of the features invented by Mr. Katz and found in Plaintiff's patented methods and systems. On information and belief, Amazon.com designs its websites to enable millions of products to be sold by Amazon.com and by third parties across a myriad of product categories using Plaintiff's patented features. In significant part due to its use of Plaintiff's inventions, Amazon.com has become the world's largest online marketplace which, on information and belief, "offer's Earth's Biggest Selection," resulting in 2011 revenues exceeding 48 billion dollars and 2012 revenues of more than 61 billion dollars.

23.     Defendants also provide and operate an online platform at www.amazon.com for numerous third-party vendors to use these same patented features to sell their products and services. A true and correct copy of a screenshot identifying various third-party vendors on www.amazon.com is attached hereto as **Exhibit A**. On information and belief, defendants provide instructions and support to third-party vendors in the use of these patented features to more effectively sell their products and services. On information and belief, these infringing acts occur at various facilities within the Eastern District of Virginia, including the data centers owned and/or operated by Amazon.com, AWS, and VADATA.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,323,894

24.     On November 27, 2001, the '894 Patent was issued by the United States Patent & Trademark Office ("USPTO") entitled "Commercial Product Routing System with Video Vending Capability." A true and correct copy of the '894 Patent is attached hereto as **Exhibit B**.

25.     Telebuyer is the owner by assignment of the '894 Patent and has the right to bring an action and recover damages for infringement of same, including damages for past infringement.

26.     Amazon.com has infringed and continues to directly infringe one or more claims of the '894 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '894 Patent without authority and in violation of 35 U.S.C. § 271.

27.     For example, on information and belief, Amazon.com directly infringes at least claim 57 of the '894 Patent by offering goods and services to Amazon.com's customers via its websites, including www.amazon.com, using a method implementing at least the features of high resolution video images, user-indicated areas of interest, and targeted follow-up communications.   On information and belief, Amazon.com provides high-resolution video images of products it offers to sell such as at http://www.amazon.com/U-S-Polo-Assn-US9061-Digital/dp/B008D902Q2/.  On information and belief, Amazon.com allows users to indicate an area of interest by, for example, selecting categories for browsing and searching.  On information and belief, Amazon.com sends communications, such as emails, to users suggesting items that users may be interested in based on prior indications of area of interest.  On information and belief, Amazon.com specifically collects user history to improve the effectiveness of its subsequent suggestions to users.  As another example, on information and belief, Amazon.com infringes the '894 Patent by marketing, selling, and providing the use of its online platform at www.amazon.com to third-party vendors to offer their goods and services using at least these same features that infringe at least claim 57 of the '894 Patent.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, Amazon.com infringes numerous other claims of the '894 Patent.

28.     On information and belief, Amazon.com contracts with AWS and VADATA to provide IT infrastructure services to Amazon.com such as the hosting, maintaining, and servicing of servers that host and operate Amazon.com's websites, including www.amazon.com.

29.     AWS has infringed and continues to directly infringe one or more claims of the '894 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '894 Patent without authority and in violation of 35 U.S.C. § 271. For example, on information and belief, AWS directly infringes at least claim 57 of the '894 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of high resolution video images, user-indicated areas of interest, and targeted follow-up communications. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, AWS infringes numerous other claims of the '894 Patent.

30.     On information and belief, AWS contracts with VADATA to provide the aforementioned IT infrastructure services that infringe the '894 Patent. AWS is liable for its infringement of the '894 Patent pursuant to 35 U.S.C. § 271.

31.     VADATA has infringed and continues to directly infringe one or more claims of the '894 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '894 Patent without authority and in violation of 35 U.S.C. § 271. For example, on information and belief, VADATA directly infringes at least claim 57 of the '894 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of high resolution

video images, user-indicated areas of interest, and targeted follow-up communications. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, VADATA infringes numerous other claims of the '894 Patent.

32.     Amazon.com's, AWS's, and VADATA's acts of infringement have caused damage to Telebuyer, and Telebuyer is entitled to recover from Amazon.com, AWS, and VADATA, the damages, no less than a reasonable royalty, that Telebuyer has sustained as a result of the infringing acts.  Moreover, Amazon.com's, AWS's, and VADATA's infringement of the '894 Patent will continue to damage Telebuyer, causing irreparable harm, unless such infringement is enjoined.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,835,508

33.     On November 16, 2010, U.S. Patent No. 7,835,508 ("the '508 Patent") was issued by the USPTO entitled "Commercial Product Routing System with Video Vending Capability." A true and correct copy of the '508 Patent is attached hereto as **Exhibit C**.

34.     Telebuyer is the owner by assignment of the '508 Patent and has the right to bring an action and recover damages for infringement of same, including damages for past infringement.

35.     Amazon.com has directly infringed one or more claims of the '508 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '508 Patent without authority and in violation of 35 U.S.C. § 271.

36.     For example, on information and belief, Amazon.com directly infringed at least claim 85 of the '508 Patent by offering goods and services to Amazon.com's customers via its

websites, including www.amazon.com, using a system implementing at least the features of user-indicated areas of interest and targeted follow-up communications. On information and belief, Amazon.com allows users to indicate an area of interest by, for example, selecting categories for browsing and searching. On information and belief, Amazon.com sends communications, such as emails, to users suggesting items that users may be interested in based on prior indications of area of interest. On information and belief, Amazon.com specifically collects user history to improve the effectiveness of its subsequent suggestions to users. As another example, on information and belief, Amazon.com infringed the '508 Patent by marketing, selling, and providing the use of its online platform at www.amazon.com to third-party vendors to offer their goods and services using at least these same features that infringed at least claim 85 of the '508 Patent. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, Amazon.com infringed numerous other claims of the '508 Patent.

37.     On information and belief, Amazon.com contracts with AWS and VADATA to provide IT infrastructure services to Amazon.com such as the hosting, maintaining, and servicing of servers that host and operate Amazon.com's websites, including www.amazon.com.

38.     AWS has directly infringed one or more claims of the '508 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '508 Patent without authority and in violation of 35 U.S.C. § 271. For example, on information and belief, AWS directly infringed at least claim 85 of the '508 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of user-indicated areas of interest and targeted follow-up

communications.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, AWS infringed numerous other claims of the '508 Patent.

39.     On information and belief, AWS contracts with VADATA to provide the aforementioned IT infrastructure services that infringe the '508 Patent.  AWS is liable for its infringement of the '508 Patent pursuant to 35 U.S.C. § 271.

40.     VADATA has directly infringed one or more claims of the '508 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '508 Patent without authority and in violation of 35 U.S.C. § 271.  For example, on information and belief, VADATA directly infringed at least claim 85 of the '508 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of user-indicated areas of interest and targeted follow-up communications.    Moreover,  based  on  the  manner  in  which www.amazon.com functions, upon information and belief, VADATA infringed numerous other claims of the '508 Patent.

41.     Amazon.com's, AWS's, and VADATA's acts of infringement have caused damage to Telebuyer, and Telebuyer is entitled to recover from Amazon.com, AWS, and VADATA, the damages, no less than a reasonable royalty, that Telebuyer has sustained as a result of the infringing acts.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,835,509

42.     On November 16, 2010, U.S. Patent No. 7,835,509 ("the '509 Patent") was issued by the USPTO entitled "Commercial Product Routing System with Video Vending Capability." A true and correct copy of the '509 Patent is attached hereto as **Exhibit D**.

43.     Telebuyer is the owner by assignment of the '509 Patent and has the right to bring an action and recover damages for infringement of same, including damages for past infringement.

44.     Amazon.com has infringed and continues to directly infringe one or more claims of the '509 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '509 Patent without authority and in violation of 35 U.S.C. § 271.

45.     For example, on information and belief, Amazon.com directly infringes at least claim 74 of the '509 Patent by offering goods and services to Amazon.com's customers via its websites, including www.amazon.com, using a method implementing at least the features of selectively presenting proposals from various vendors on a priority basis and presenting high resolution video images that may be manipulated.  On information and belief, Amazon.com selects proposals on a priority basis and then provides high-resolution video images of products it offers to sell such as at http://www.amazon.com/U-S-Polo-Assn-US9061-Digital/dp/B008D902Q2/.  On information and belief, Amazon.com allows users to manipulate the high-resolution video images to, for example, pan and zoom on images.  On information and belief, Amazon.com prioritizes the display of these proposals including video images based on an internal ranking.  As another example, on information and belief, Amazon.com infringes the '509 Patent by marketing, selling, and providing the use of its online platform at www.amazon.com to third-party vendors to offer their goods and services using at least these same features that infringe at least claim 74 of the '509 Patent.  Moreover, based on the manner

in which www.amazon.com functions, upon information and belief, Amazon.com infringes numerous other claims of the '509 Patent.

46.     On information and belief, Amazon.com contracts with AWS and VADATA to provide IT infrastructure services to Amazon.com such as the hosting, maintaining, and servicing of servers that host and operate Amazon.com's websites, including www.amazon.com.

47.     AWS has infringed and continues to directly infringe one or more claims of the '509 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '509 Patent without authority and in violation of 35 U.S.C. § 271. For example, on information and belief, AWS directly infringes at least claim 74 of the '509 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of selectively presenting proposals from various vendors on a priority basis and presenting high resolution video images that may be manipulated. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, AWS infringes numerous other claims of the '509 Patent.

48.     On information and belief, AWS contracts with VADATA to provide the aforementioned IT infrastructure services that infringe the '509 Patent. AWS is liable for its infringement of the '509 Patent pursuant to 35 U.S.C. § 271.

49.     VADATA has infringed and continues to directly infringe one or more claims of the '509 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '509 Patent without authority and in violation of 35 U.S.C. § 271. For example, on information and belief,

VADATA directly infringes at least claim 74 of the '509 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of selectively presenting proposals from various vendors on a priority basis and presenting high resolution video images that may be manipulated.   Moreover, based on the manner in which www.amazon.com functions, upon information and belief, VADATA infringes numerous other claims of the '509 Patent.

50.     Amazon.com's, AWS's, and VADATA's acts of infringement have caused damage to Telebuyer, and Telebuyer is entitled to recover from Amazon.com, AWS, and VADATA, the damages, no less than a reasonable royalty, that Telebuyer has sustained as a result of the infringing acts.  Moreover, Amazon.com's, AWS's, and VADATA's infringement of the '509 Patent will continue to damage Telebuyer, causing irreparable harm, unless such infringement is enjoined.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,839,984

51.     On November 23, 2010, U.S. Patent No. 7,839,984 ("the '984 Patent") was issued by the USPTO entitled "Commercial Product Routing System with Video Vending Capability." A true and correct copy of the '984 Patent is attached hereto as **Exhibit E.**

52.     Telebuyer is the owner by assignment of the '984 Patent and has the right to bring an action and recover damages for infringement of same, including damages for past infringement.

53.     Amazon.com has infringed and continues to directly infringe one or more claims of the '984 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the

doctrine of equivalents, embody or practice the inventions claimed in the '984 Patent without authority and in violation of 35 U.S.C. § 271.

54.     For example, on information and belief, Amazon.com directly infringes at least claim 1 of the '984 Patent by offering goods and services to Amazon.com's customers via its websites, including www.amazon.com, using a system implementing at least the features of manipulable high-quality images that allow, for example, zooming, panning, and other changes to the displayed product or service, and multiple modes of communication, such as via the web, an automated response unit and live operator or chat capability.  On information and belief, Amazon.com provides high-resolution video images of products it offers to sell that allow the user to zoom in on details of the product such as at http://www.amazon.com/U-S-Polo-Assn-US9061-Digital/dp/B008D902Q2/.    Additionally, Amazon.com provides multiple modes of communication during the purchase and support processes including through the web, via an automated response unit, or a live chat or telephone call accessible through its "Contact Us" page or the relevant product page, including in the above example.  As another example, on information and belief, Amazon.com infringes the '984 Patent by marketing, selling, and providing the use of its online platform at www.amazon.com to third-party vendors to offer their goods and services using at least these same features that infringe at least claim 1 of the '984 Patent.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, Amazon.com infringes numerous other claims of the '984 Patent.

55.     On information and belief, Amazon.com contracts with AWS and VADATA to provide IT infrastructure services to Amazon.com such as the hosting, maintaining, and servicing of servers that host and operate Amazon.com's websites, including www.amazon.com.

56.     AWS has infringed and continues to directly infringe one or more claims of the '984 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '984 Patent without authority and in violation of 35 U.S.C. § 271.   For example, on information and belief, AWS directly infringes at least claim 1 of the '984 Patent by hosting and operating the servers for the website www.amazon.com that includes at least the features of manipulable high-quality images that allow, for example, zooming, panning, and other changes to the displayed product or service, and multiple modes of communication, such as via the web, an automated response unit and live operator or chat capability.   Moreover, based on the manner in which www.amazon.com functions, upon information and belief, AWS infringes numerous other claims of the '984 Patent.

57.     On information and belief, AWS contracts with VADATA to provide the aforementioned IT infrastructure services and related systems that infringe the '984 Patent. AWS is liable for its infringement of the '984 Patent pursuant to 35 U.S.C. § 271.

58.     VADATA has infringed and continues to directly infringe one or more claims of the '984 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '984 Patent without authority and in violation of 35 U.S.C. § 271.   For example, on information and belief, VADATA directly infringes at least claim 1 of the '984 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of manipulable high-quality images that allow, for example, zooming, panning, and other changes to the displayed product or service, and multiple modes of communication, such as via the web, an audio

response unit and live operator or chat capability.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, VADATA infringes numerous other claims of the '984 Patent.

59.     Amazon.com's, AWS's, and VADATA's acts of infringement have caused damage to Telebuyer, and Telebuyer is entitled to recover from Amazon.com, AWS, and VADATA, the damages, no less than a reasonable royalty, that Telebuyer has sustained as a result of the infringing acts. Moreover, Amazon.com's, AWS's, and VADATA's infringement of the '984 Patent will continue to damage Telebuyer, causing irreparable harm, unless such infringement is enjoined.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,059,796

60.     On November 15, 2011, U.S. Patent No. 8,059,796 ("the '796 Patent") was issued by the USPTO entitled "Commercial Product Routing System with Video Vending Capability." A true and correct copy of the '796 Patent is attached hereto as **Exhibit F**.

61.     Telebuyer is the owner by assignment of the '796 Patent and has the right to bring an action and recover damages for infringement of same, including damages for past infringement.

62.     Amazon.com has directly infringed one or more claims of the '796 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '796 Patent without authority and in violation of 35 U.S.C. § 271.

63.     For example, on information and belief, Amazon.com directly infringed at least claim 70 of the '796 Patent by offering goods and services to Amazon.com's customers via its

websites, including www.amazon.com, using a process implementing at least the feature of providing time-limited special offers via e-mails having high resolution images through its Gold Box and Lightning Deals. On information and belief, Amazon.com emails users suggesting special Gold Box and Lightning Deal offers including high resolution images that are only valid for a limited time. As another example, on information and belief, Amazon.com infringed the '796 Patent by marketing, selling, and providing the use of its online platform at www.amazon.com to third-party vendors to offer their goods and services using at least this same feature that infringed at least claim 70 of the '796 Patent. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, Amazon.com infringed numerous other claims of the '796 Patent.

64.     On information and belief, Amazon.com contracts with AWS and VADATA to provide IT infrastructure services to Amazon.com such as the hosting, maintaining, and servicing of servers that host and operate Amazon.com's websites, including www.amazon.com.

65.     AWS has directly infringed one or more claims of the '796 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '796 Patent without authority and in violation of 35 U.S.C. § 271. For example, on information and belief, AWS directly infringed at least claim 70 of the '796 Patent by hosting and operating the servers for the website www.amazon.com that include at least the feature of providing time-limited special offers via e-mails containing high resolution images. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, AWS infringed numerous other claims of the '796 Patent.

66.     On information and belief, AWS contracts with VADATA to provide the aforementioned IT infrastructure services and related systems that infringe the '796 Patent. AWS is liable for its infringement of the '796 Patent pursuant to 35 U.S.C. § 271.

67.     VADATA has directly infringed one or more claims of the '796 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '796 Patent without authority and in violation of 35 U.S.C. § 271.  For example, on information and belief, VADATA directly infringed at least claim 70 the '796 Patent by hosting and operating the servers for the website www.amazon.com that include at least the feature of providing time-limited special offers via e-mails containing high resolution images.     Moreover, based on the manner in which www.amazon.com functions, upon information and belief, VADATA infringed numerous other claims of the '796 Patent.

68.     Amazon.com's, AWS's, and VADATA's acts of infringement have caused damage to Telebuyer, and Telebuyer is entitled to recover from Amazon.com, AWS, and VADATA, the damages, no less than a reasonable royalty, that Telebuyer has sustained as a result of the infringing acts.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 8,098,272

69.     On January 17, 2012, U.S. Patent No. 8,098,272 ("the '272 Patent") was issued by the USPTO entitled "Commercial Product Routing System with Video Vending Capability."  A true and correct copy of the '272 Patent is attached hereto as **Exhibit G**.

70.     Telebuyer is the owner by assignment of the '272 Patent and has the right to bring an action and recover damages for infringement of same, including damages for past infringement.

71.     Amazon.com has directly infringed one or more claims of the '272 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '272 Patent without authority and in violation of 35 U.S.C. § 271.

72.     For example, on information and belief, Amazon.com directly infringed at least claim 1 of the '272 Patent by offering goods and services to Amazon.com's customers via its websites, including www.amazon.com, using a method implementing at least the feature of high resolution video images.   On information and belief, Amazon.com provides high-resolution video images of products it offers to sell such as at http://www.amazon.com/U-S-Polo-Assn-US9061-Digital/dp/B008D902Q2/.     As another example, on information and belief, Amazon.com infringes the '272 Patent by marketing, selling, and providing the use of its online platform at www.amazon.com to third-party vendors to offer their goods and services using at least this same feature that infringed at least claim 1 of the '272 Patent.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, Amazon.com infringed numerous other claims of the '272 Patent.

73.     On information and belief, Amazon.com contracts with AWS and VADATA to provide IT infrastructure services to Amazon.com such as the hosting, maintaining, and servicing of servers that host and operate Amazon.com's websites, including www.amazon.com.

74.     AWS has directly infringed one or more claims of the '272 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '272 Patent without authority and in violation of 35 U.S.C. § 271.  For example, on information and belief, AWS directly infringed at least claim 1 of the '272 Patent by hosting and operating the servers for the website www.amazon.com that include at least the feature of high resolution video images.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, AWS infringed numerous other claims of the '272 Patent.

75.     On information and belief, AWS contracts with VADATA to provide the aforementioned IT infrastructure services that infringe the '272 Patent.  AWS is liable for its infringement of the '272 Patent pursuant to 35 U.S.C. § 271.

76.     VADATA has directly infringed one or more claims of the '272 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '272 Patent without authority and in violation of 35 U.S.C. § 271.  For example, on information and belief, VADATA directly infringed at least claim 1 of the '272 Patent by hosting and operating the servers for the website www.amazon.com that include at least the feature of high resolution video images.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, VADATA infringed numerous other claims of the '272 Patent.

77.     Amazon.com's, AWS's, and VADATA's acts of infringement have caused damage to Telebuyer, and Telebuyer is entitled to recover from Amazon.com, AWS, and

VADATA, the damages, no less than a reasonable royalty, that Telebuyer has sustained as a result of the infringing acts.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 8,315,364

78.     On November 20, 2012, U.S. Patent No. 8,315,364 ("the '364 Patent") was issued by the USPTO entitled "Commercial Product Routing System with Mobile Wireless and Video Vending Capability." A true and correct copy of the '364 Patent is attached hereto as **Exhibit H**.

79.     Telebuyer is the owner by assignment of the '364 Patent and has the right to bring an action and recover damages for infringement of same, including damages for past infringement.

80.     Amazon.com has infringed and continues to directly infringe one or more claims of the '364 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '364 Patent without authority and in violation of 35 U.S.C. § 271.

81.     For example, on information and belief, Amazon.com directly infringes at least claim 47 of the '364 Patent by offering goods and services to Amazon.com's customers via its websites, including www.amazon.com, using a process implementing at least the features of utilizing an expressed area of interest for the selection of high resolution video of a vendor along with rating data on vendors. On information and belief, Amazon.com stores rating data on the performance of its vendors based off various factors including customer feedback, such as a star rating. On information and belief, this rating data is used by Amazon.com to prioritize or promote the display of the vendor on various sections of the amazon.com website. As another example, on information and belief, Amazon.com infringes the '364 Patent by marketing,

selling, and providing the use of its online platform at www.amazon.com to third-party vendors to offer their goods and services using these same features that infringe at least claim 47 of the '364 Patent.  Moreover, based on the manner in which www.amazon.com functions, upon information and belief, Amazon.com infringes numerous other claims of the '364 Patent.

82.     On information and belief, Amazon.com contracts with AWS and VADATA to provide IT infrastructure services to Amazon.com such as the hosting, maintaining, and servicing of servers that host and operate Amazon.com's websites, including www.amazon.com.

83.     AWS has infringed and continues to directly infringe one or more claims of the '364 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the doctrine of equivalents, embody or practice the inventions claimed in the '364 Patent without authority and in violation of 35 U.S.C. § 271.  For example, on information and belief, AWS directly infringes at least claim 47 of the '364 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of utilizing an expressed area of interest for the selection of high resolution video of a vendor along with rating data on vendors. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, AWS infringes numerous other claims of the '364 Patent.

84.     On information and belief, AWS contracts with VADATA to provide the aforementioned IT infrastructure services that infringe the '364 Patent.  AWS is liable for its infringement of the '364 Patent pursuant to 35 U.S.C. § 271.

85.     VADATA has infringed and continues to directly infringe one or more claims of the '364 Patent by manufacturing, importing, offering to sell, selling, supplying, causing to be supplied, using, and/or causing to be used systems and/or methods that, literally and/or under the

doctrine of equivalents, embody or practice the inventions claimed in the '364 Patent without authority and in violation of 35 U.S.C. § 271. For example, on information and belief, VADATA directly infringes at least claim 47 of the '364 Patent by hosting and operating the servers for the website www.amazon.com that include at least the features of utilizing an expressed area of interest for the selection of high resolution video of a vendor along with rating data on vendors. Moreover, based on the manner in which www.amazon.com functions, upon information and belief, VADATA infringes numerous other claims of the '364 Patent.

86.     Amazon.com's, AWS's, and VADATA's acts of infringement have caused damage to Telebuyer, and Telebuyer is entitled to recover from Amazon.com, AWS, and VADATA, the damages, no less than a reasonable royalty, that Telebuyer has sustained as a result of the infringing acts. Moreover, Amazon.com's, AWS's, and VADATA's infringement of the '364 Patent will continue to damage Telebuyer, causing irreparable harm, unless such infringement is enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Telebuyer prays for judgment and relief in its favor as follows:

A.     Judgment that Amazon.com has infringed and/or infringes the '894, '508, '509, '984, '796, '272, and '364 Patents;

B.     Judgment that AWS has infringed and/or infringes the '894, '508, '509, '984, '796, '272, and '364 Patents;

C.     Judgment that VADATA has infringed and/or infringes the '894, '508, '509, '984, '796, '272, and '364 Patents;

D.      A permanent injunctions enjoining Amazon.com and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Amazon.com from infringing the '894, '509, '984, and '364 Patents;

E.      A permanent injunctions enjoining AWS and its agents, servants, officers, directors, employees, and persons or entities acting in concert with AWS from infringing the '894, '509, '984, and '364 Patents;

F.      A permanent injunctions enjoining VADATA and its agents, servants, officers, directors, employees, and persons or entities acting in concert with VADATA from infringing the '894, '509, '984, and '364 Patents;

G.      An award to Telebuyer for the damages necessary to compensate it for Amazon.com's infringement of the '894, '508, '509, '984, '796, '272, and '364 Patents pursuant to  35 U.S.C. § 284;

H.      An award to Telebuyer for the damages necessary to compensate it for AWS's infringement of the '894, '508, '509, '984, '796, '272, and '364 Patents pursuant to 35 U.S.C. § 284;

I.      An award to Telebuyer for the damages necessary to compensate it for VADATA's infringement of the '894, '508, '509, '984, '796, '272, and '364 Patents pursuant to 35 U.S.C. § 284;

J.      Pre-judgment interest as allowed by law; and

K.      Any other and further relief, both general and special, at law or in equity, to which Telebuyer is entitled.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Telebuyer hereby demands a trial by jury of all issues so triable under the law.

Dated: July 22, 2013

Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, VA 22314
TEL (703) 549-5354
FAX (703) 549-2604
EMAIL craig.reilly@ccreillylaw.com

Attorneys for Plaintiff
Telebuyer, LLC

OF COUNSEL FOR PLAINTIFF:

O'MELVENY & MYERS LLP
Mark A. Samuels
msamuels@omm.com
Brian M. Berliner
bberliner@omm.com

400 South Hope Street
Los Angeles, California 90071-2899
Telephone:      (213) 430-6000
Facsimile:      (213) 430-6407

Attorneys for Plaintiff
Telebuyer, LLC