IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TELEBUYER, LLC,<br><br>    Plaintiff,<br><br>    -vs.-<br><br>AMAZON.COM, INC., AMAZON WEB SERVICES LLC, and VADATA, INC.,<br><br>    Defendants. | No. 1:13-cv-884  (LMB/TCB) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE TO
THE WESTERN DISTRICT OF WASHINGTON
<u>PURSUANT TO 28 U.S.C. § 1404(a)</u>**

**TABLE OF CONTENTS**

INTRODUCTION ---------------------------------------------------------------------------------------- 1

FACTUAL BACKGROUND ------------------------------------------------------------------------------ 2

    A.    Defendants Have No Relevant Connection to this District; Instead the Facts, Evidence, and Witnesses are Located in the Western District of Washington ------------------------------------------------------------------------------------ 3

        1.    Amazon ------------------------------------------------------------------------------ 3

        2.    AWS ---------------------------------------------------------------------------------- 4

        3.    VADATA ---------------------------------------------------------------------------- 5

    B.    Plaintiff has no Connection to this District ----------------------------------------- 6

    C.    Key Non-Party Witnesses Reside in the Western District of Washington --------- 6

ARGUMENT --------------------------------------------------------------------------------------------- 7

    I.    THIS ACTION SHOULD BE TRANSFERRED TO WASHINGTON ------------ 7

        A.    Legal Standard ---------------------------------------------------------------------- 7

        B.    This Action Could Have Been Brought in the Western District of Washington ----------------------------------------- 8

        C.    The Convenience Factors and Interests of Justice Overwhelmingly Favor Transfer ----------------------------------- 8

            1.    Plaintiff's Choice of Forum is Entitled to Little Weight Because it Has No Connection to Virginia ------------------ 8

            2.    It Would be More Convenient for the Parties to Litigate in the Western District of Washington ------------------- 9

            3.    Key Witnesses, Including Third Parties, are Located in Seattle, Washington ---------------------------------- 12

            4.    The Interests of Justice Weigh in Favor of a Transfer ------------- 13

CONCLUSION ----------------------------------------------------------------------------------------- 15

## TABLE OF AUTHORITIES

*Cases:*                                                                                                   *Page(s):*

*Augme Techs., Inc. v. Gannet Co., Inc.*,
  No. 3:11-cv-282, 2011 U.S. Dist. LEXIS 81605 (E.D. Va. July 26, 2011) ......................... 7

*Bascom Research, LLC v. Facebook, Inc.*,
  No. 1:12-cv-1111, 2012 U.S. Dist. LEXIS 186712 (E.D. Va. Dec. 11, 2012) .......... 7, 8, 9, 12

*Brown Mfg. Corp. v. Alpha Lawn & Garden Equipment*,
  219 F. Supp. 2d 705 (E.D. Va. 2002) ............................................................................... 9

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ............................................................................ 10, 12-13

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) ........................................................................................ 7

*Intercarrier Communications, LLC v. Glympse, Inc.*,
  No. 12-cv-767, 2013 U.S. Dist. LEXIS 113572 (E.D. Va. Aug. 12, 2013) ................... 2, 13

*Jaffé v. LSI Corp.*,
  874 F. Supp. 2d 499 (E.D. Va. 2012) ............................................................................. 10

*Koh v. Microtek Int'l, Inc.*,
  250 F. Supp. 2d 627 (E.D. Va. 2003) ............................................................................. 13

*Lycos, Inc. v. Tivo, Inc.*,
  499 F. Supp. 2d 685 (E.D. Va. 2007) ............................................................................. 10

*NanoEnTek, Inc. v. Bio-Rad Labs.*,
  No. 2:11-cv-427, 2011 U.S. Dist. LEXIS 138535 (E.D. Va. Dec. 2, 2011) ..................... 8

*Pragmatus AV, LLC v. Facebook, Inc.*,
  769 F. Supp. 2d 991 (E.D. Va. 2011) ....................................................................... passim

*Samsung Elecs. Co. v. Rambus*, Inc.,
  386 F. Supp. 2d 708 (E.D. Va. 2005) ............................................................................. 10

*Telepharmacy Solutions v. Pickpoint Corp.*,
  238 F. Supp. 2d 741 (E.D. Va. 2003) ............................................................................. 14

*Statutes*

28 U.S.C. § 1391(b)(1) ........................................................................................................ 8

28 U.S.C. § 1404(a) ................................................................................................... 1, 7, 15

Defendants Amazon.com, Inc. ("Amazon"), Amazon Web Services LLC ("AWS") and VADATA, Inc. ("VADATA") (collectively "Defendants") respectfully request that the Court transfer this action to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

Plaintiff Telebuyer, LLC ("Plaintiff"), a California corporation with its principal place of business in Los Angeles, California, sued Amazon, a Delaware corporation with its principal place of business in Seattle, Washington, alleging that certain features of Amazon's worldwide website infringe seven patents comprising thousands of claims. The case is a classic example of a foreign plaintiff, having no connection to this Commonwealth, manipulating venue to leverage the Court's scheduling preferences for a tactical advantage wholly unrelated to the interests of justice or the convenience of the parties and witnesses, to say nothing of the merits of this lawsuit.

Plaintiff is neither located in Virginia nor registered to do business in this Commonwealth. As a non-practicing entity, Plaintiff's sole business is the filing of patent suits, a business that can be conducted just as well in any district. At the same time, Defendants have no relevant ties to this District. The principal place of business of all three Defendants is in Seattle, Washington, and Defendants' key documents and witnesses are located in the Western District of Washington. Key third party witnesses, too, are located either in the Western District of Washington or in California, and Defendants are aware of no key third party witness located in the Eastern District of Virginia.

Plaintiff's contrived effort to manufacture venue relies solely on vague references to "data centers" and servers that are alleged to be located in this District. But the Amazon.com family

of companies operates numerous, essentially interchangeable data centers throughout the country, consisting of computers that manage data that are not relevant to any accused functionality involved in this case. Although employees operate and maintain these computers in Virginia, they likewise have no role in the design or development of any accused feature or functionality. Even the alleged acts of infringement—the operation of a worldwide website—bear no particular relation to this District and are no more prevalent here than in any other district in the nation. By contrast, the convenience of witnesses (including third-party witnesses), the location of evidence, and the interests of justice all support transferring this case to the Western District of Washington.

Under the circumstances, the Court should reject Plaintiff's transparent effort to manipulate venue and squander resources that are properly reserved for the citizens of Virginia. While the Court's "'rocket docket' certainly attracts plaintiffs [, . . .] the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner.' In other words, this Court should not allow itself to be overrun by a horde of Visigoths who simply want quick results." *Intercarrier Commc'ns, LLC v. Glympse, Inc.*, No. 3:12-cv-767-JAG, 2013 U.S. Dist. LEXIS 113572, at *17 (E.D. Va. Aug. 12, 2013) (citation omitted).

For these reasons, and for the reasons stated more fully below, Defendants respectfully move the Court to transfer this case to the United States District Court for the Western District of Washington.

**FACTUAL BACKGROUND**

Plaintiff—a "non-practicing entity" that neither makes nor sells any products that embody its patents—alleges that Amazon directly infringes U.S. Patent Nos. 6,323,894; 7,835,508; 7,835,509; 7,839,984; 8,059,796; 8,098,272; and 8,315,364 (collectively, the "patents-in-suit") "by offering goods and services to Amazon.com's customers via *its websites*, including

www.amazon.com." (Compl. ¶¶ 27, 36, 45, 54, 63, 72, 81 (emphasis added).)  Specifically, Plaintiff alleges that certain features and functionalities of Amazon's website infringe Plaintiff's patents.  For example, Plaintiff asserts claims purporting to cover the implementation of high resolution video images, user indicated areas of interest and follow up communication, among others.  *Id.*  Plaintiff further alleges that AWS and VADATA have infringed and continue to infringe each of the seven patents-in-suit "by hosting and operating the servers for the website www.amazon.com that include at least the features" identified in the complaint.  (Compl. ¶¶ 29, 31, 38, 40, 47, 49, 56, 58, 65, 67, 74, 76, 83, 85.)

While Plaintiff's complaint includes certain references to data centers, its allegations of infringement are directed toward Amazon's *websites*.  All of the accused functionalities are portions and features of Amazon's *websites*.  Based on Plaintiff's allegations against Amazon's *websites*, the servers and data centers are simply machines that hold data and are not relevant to any accused functionality.  Moreover, even if they were somehow relevant, the servers and data centers are essentially interchangeable machines and any servers and data centers in Virginia are no different from other servers and data centers in numerous other states across the country.

      **A.**    **Defendants Have No Relevant Connection to this District; Instead the Facts, Evidence, and Witnesses are Located in the Western District of Washington.**

           **1.**    **Amazon**

Amazon is a Delaware corporation with its principal place of business in Seattle, Washington.  (Decl. Jeffrey Dean Supp. Defs.' Mot. Transfer Venue ("Dean Decl.") ¶ 2.) Amazon has operated continuously in the Seattle area since 1995.  (*Id.*)  Amazon has thousands of employees in its Seattle headquarters.  (*Id.* ¶ 3.)  Insofar as Plaintiff accuses the www.amazon.com website of infringement, Amazon is the Defendant who employs the key witnesses and houses the key documents relevant to the accused functionalities.  The vast majority, if not all, of Amazon em-

ployees with knowledge of the development, implementation, and operation of the www.amazon.com website are located at Amazon's headquarters in Seattle. (*Id.* ¶ 4.) Similarly, the vast majority, if not all, of Amazon's documents describing this website are located at Amazon's headquarters in Seattle. (*Id.* ¶ 3.) Based on Plaintiff's allegations in the Complaint, Defendants are not aware of any likely sources of proof in Virginia. Instead, the likely sources of proof are located at or managed from Amazon's headquarters in Seattle. (*Id.* ¶¶ 3, 4.)

The Amazon.com family of companies maintains data centers throughout the United States, including in Washington and Virginia. (Dean Decl. ¶ 5.) These data centers operate similarly in every state. (Decl. Osvalodo Morales Supp. Defs.' Mot. Transfer Venue ("Morales Decl.") ¶ 6.) Plaintiff's complaint does not allege that these data centers have any unique features relevant to this action that distinguish them from Defendants' many other data centers across the globe, and, based on Plaintiff's allegations, these data centers do not employ potentially relevant witnesses or house potentially relevant information.

The Amazon.com family of companies also maintains product shipping and fulfillment centers throughout the United States, including in Washington and Virginia. (Dean Decl. ¶ 5.) These product shipping and fulfillment centers are not accused of infringement in the Complaint, and based on Plaintiff's allegations, these centers do not employ potentially relevant witnesses or house potentially relevant information.

    **2.**    **AWS**

AWS is a Delaware limited liability company with its principal place of business in Seattle, Washington. (Morales Decl. ¶ 2.) AWS has operated continuously in Seattle since its formation in 2006. (*Id.*) AWS employs hundreds of people in Seattle. (*Id.* ¶ 3.) AWS operates data centers throughout the United States, including in Washington and Virginia. (*Id.*) These data centers operate similarly no matter where they are located. (*Id.* ¶ 6.) And with respect to

the allegations in this case, there is no difference between the data centers in any given state. (*Id.*)

More importantly, insofar as Plaintiff accuses Amazon websites of patent infringement, these data centers are not relevant to the accused functionalities. AWS's only connection to the www.amazon.com website is operating data centers for the website. (Morales Decl. ¶ 3.) AWS is not and has never been involved in the development or design of the www.amazon.com website. (*Id.* ¶ 7.) AWS therefore employs no witnesses and has no documents relevant to the accused functionalities in Virginia.

### 3. VADATA

VADATA is a Delaware corporation with its business address in Seattle, Washington. (Morales Decl. ¶ 4.) VADATA has operated continuously in Seattle since its formation in 1999 and Seattle is listed as VADATA's principal place of business on the website of the State Corporation Commission of the Commonwealth of Virginia. (Decl. James Bender Supp. Defs.' Mot. Transfer Venue ("Bender Decl.") ¶ 3; Morales Decl. ¶ 4.) VADATA and its subsidiary A100 US LLC operate data centers across the country, including in Washington State and Virginia. (Morales Decl. ¶ 5.) Like AWS, VADATA's data centers operate similarly no matter where they are located, and with respect to the allegations in this case, there is no difference between the data centers in any given state. (*Id.* ¶ 6.)

Insofar as Plaintiff accuses Amazon websites of patent infringement, these data centers are also not relevant to the accused functionalities. VADATA's only connection to the www.amazon.com website is operating data centers for the website. (Morales Decl. ¶ 5.) VADATA is not and has never been involved in the development or design of the www.amazon.com website. (*Id.* ¶ 7.) VADATA therefore employs no witnesses and has no documents relevant to the accused functionalities in Virginia.

### B. Plaintiff has no Connection to this District.

Plaintiff is a non-practicing entity formed in California, with its principal place of business in Los Angeles. (Compl. ¶ 1.) It has no apparent ties to Virginia and is not registered to do business in Virginia. To the best of Defendants' knowledge, Plaintiff does not make products in Virginia, does not sell products in Virginia, and does not compete in the e-commerce market in Virginia or anywhere else. Plaintiff has identified no employees or offices in Virginia and has not identified any relevant documents or witnesses in Virginia. Instead, Plaintiff's employees and key witnesses are likely in California, including Ronald Katz—Plaintiff's manager and agent for service of process and the named inventor on all of the patents-in-suit.

### C. Key Non-Party Witnesses Reside in the Western District of Washington.

Several potential non-party witnesses reside in the Seattle area. With respect to the accused functionalities identified in the Complaint, several Amazon employees who worked on the design and development of those features and who have since departed Amazon still reside in the Seattle area. (Dean Decl. ¶¶ 7-8.) For example, Plaintiff alleges that Amazon infringes one of the patents-in-suit based on "at least the feature of providing time-limited special offers via e-mails having high resolution images through its Gold Box and Lightning Deals." (Compl. ¶ 63.) At least seven former Amazon employees who were involved in the design and development of Amazon's Lightning Deals and/or Gold Box Deals features during their employment have a last known address in the Seattle area, within 100 miles of the Western District of Washington courthouse. (Dean Decl. ¶ 8.)

# ARGUMENT

## I. THIS ACTION SHOULD BE TRANSFERRED TO WASHINGTON.

### A. Legal Standard

A district court may transfer a civil action to any other district where the action might originally have been brought if doing so would serve the convenience of the parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a). A court must perform a two-step analysis to determine if a transfer is appropriate under § 1404(a): first, the court must determine whether the action could originally have been brought in the proposed transferee forum; and second, the court must determine whether transferring the case would serve the convenience of the parties and witnesses and the interests of justice. *Bascom Research, LLC v. Facebook, Inc.*, No. 1:12-cv-1111, 2012 U.S. Dist. LEXIS 186712, at *2 (E.D. Va. Dec. 11, 2012); *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 994 (E.D. Va. 2011). When analyzing the second factor, this Court considers: "'(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice.'" *Bascom*, 2012 U.S. Dist. LEXIS 186712, at *2 (citation omitted). Whether transfer is appropriate under 28 U.S.C. § 1404(a) is a matter of discretion for the district court. *Id*.

While there are four factors to be considered, they are not to be given the same weight and consideration. In particular, courts in this District and the Federal Circuit have emphasized that "the more important question is 'where the majority of the witnesses and evidence is located.'" *Augme Techs., Inc. v. Gannett Co.*, No. 3:11-cv-282-HEH, 2011 U.S. Dist. LEXIS 81605, at *8 (E.D. Va. July 26, 2011) (citation omitted); *see also In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer").

### B. This Action Could Have Been Brought in the Western District of Washington.

Plaintiff could have brought its claims in the Western District of Washington because each Defendant is a resident of the State of Washington. *See* 28 U.S.C. § 1391(b)(1); (Dean Decl. ¶ 2; Morales Decl. ¶¶ 2, 4.). A corporation resides, for purposes of venue, "'in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.'" *NanoEnTek, Inc. v. Bio-Rad Labs.*, No. 2:11-cv-427, 2011 U.S. Dist. LEXIS 138535, at *4 (E.D. Va. Dec. 2, 2011) (citation omitted). Amazon, AWS and VADATA all have their principal place of business in Seattle, Washington, and therefore are subject to personal jurisdiction, and reside, in that state. *See id.* (finding that a corporate defendant is subject to personal jurisdiction where it has its principal place of business and that venue is proper in that state).

For these reasons, this case could have (and should have) been brought in the Western District of Washington at the outset.

### C. The Convenience Factors and Interests of Justice Overwhelmingly Favor Transfer.

#### 1. Plaintiff's Choice of Forum is Entitled to Little Weight Because it Has No Connection to Virginia.

Although a plaintiff's choice of forum is ordinarily entitled to "substantial weight," it is by no means dispositive. *Bascom,* 2012 U.S. Dist. LEXIS 186712, at *2-4. "For this factor to strongly weigh against transfer, a plaintiff must prove a legitimate connection to the district." *Pragmatus*, 769 F. Supp. 2d at 995. By contrast, Plaintiff's choice of forum is "given minimal weight" where plaintiff has only a "weak connection to the Eastern District of Virginia." *Bascom*, 2012 U.S. Dist. LEXIS 186712, at *4.

Here, Plaintiff is a "California Limited Liability Company," with its principal place of business in Los Angeles, California. (Compl. ¶ 1.) The Complaint identifies no connection be-

tween Plaintiff and Virginia.  Plaintiff is incorporated in California, has its business address in California, and its manager and agent for service of process (the named inventor of the asserted patents, Ronald Katz) lives in California.  (Bender Decl. ¶ 2.)  The fact that Plaintiff is not incorporated in and has no employees or other physical presence in the Eastern District of Virginia weighs against its choice of forum.  *See NanoEnTek*, 2011 U.S. Dist. LEXIS 138535, at *5-10 (finding choice of forum by Korean plaintiff with no ties to Virginia other than sales to Virginia consumers was only entitled to "slight weight"*); Brown Mfg. Corp. v. Alpha Lawn & Garden Equip., Inc.*, 219 F. Supp. 2d 705, 710 (E.D. Va. 2002) (finding choice of forum by Arkansas plaintiff with "little connection to the Eastern District of Virginia" was "not entitled to such substantial weight").

In *Bascom* and *Pragmatus*, this Court granted transfer where the defendant companies were headquartered in the Northern District of California and where the plaintiffs in both cases were non-practicing entities that had only tenuous and litigation-inspired connections to the Eastern District of Virginia.  *Bascom,* 2012 U.S. Dist. LEXIS 186712, at *2-5; *Pragmatus*, 769 F. Supp. 2d at 995-97.  Here, just as in *Bascom* and *Pragmatus*, Plaintiff is a non-practicing entity that appears to have no manufacturing facilities, operations or offices in Virginia.  Also as in *Bascom* and *Pragmatus*, the Defendants here are headquartered in the proposed destination district.  Unlike *Bascom* and *Pragmatus*, however, the Plaintiff here *has no connection at all with Virginia***.**  This means Plaintiff's decision to litigate in the Eastern District of Virginia is entitled to even less weight than in *Bascom* and *Pragmatus*.

### 2. It Would be More Convenient for the Parties to Litigate in the Western District of Washington.

Courts next consider the convenience of the parties, including "the 'ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of com-

pulsory process.'" *Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685, 693 (E.D. Va. 2007) (quoting *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 717 n.13 (E.D. Va. 2005)). Here, these factors demonstrate that the Western District of Washington is the more convenient venue to litigate this dispute.

"'In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.'" *Jaffé v. LSI Corp.*, 874 F. Supp. 2d 499, 504-05 (E.D. Va. 2012) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). Amazon is headquartered in the Western District of Washington. (Dean Decl. ¶ 2.) The vast majority, if not all, of Amazon's employees with knowledge of the development, implementation, and operation of the systems accused of infringement are located in the Western District of Washington. (*Id.* ¶ 4.) The mere fact that Defendants may have employees in Virginia is not relevant, because these employees are not involved in research, development, or design of the accused www.amazon.com website. *See Pragmatus*, 769 F. Supp. 2d at 994 (granting transfer of defendant YouTube to the Northern District of California where YouTube's parent, Google, had "about 50 employees in Reston, Virginia, but none of the employees work on YouTube's research, development, or design."). Based on Plaintiff's allegations, Defendants are aware of no relevant witnesses and documents in Virginia. Instead, the vast majority, if not all, of the likely sources of proof, including documentation for the accused www.amazon.com website, are located in Amazon's offices in the Western District of Washington. (Dean Decl. ¶¶ 4-5.) Therefore, the Western District of Washington would be much more convenient than the Eastern District of Virginia for the parties to obtain the testimony and documentary evidence most important to this case.

AWS and VADATA have no connection to the accused www.amazon.com website other than providing data centers. (Morales Decl. ¶ 7.) The accused functionalities in this case, how-

ever, are portions and features of Amazon's websites, not data centers for hosting websites. The data centers provided by AWS and VADATA house interchangeable servers that do not appear relevant to any accused functionality and, therefore, do not contain any relevant evidence to this action. *See Pragmatus*, 769 F. Supp. 2d at 996 (finding that the convenience of parties factor weighed "strongly in favor of transfer" for defendant Facebook where defendant operated data center servers in the Eastern District of Virginia but the servers did not "contain any evidence that would be presented in this civil action").

Even if the data centers were somehow relevant, AWS operates data centers throughout the country, including in both Washington and Virginia. (Morales Decl. ¶ 3.) VADATA and its subsidiaries also operate data centers throughout the country, including in both Washington and Virginia. (*Id.* ¶ 5.) The various data centers owned and operated by AWS, VADATA and A100 US LLC are functionally equivalent and interchangeable in the services they provide. (*Id.* ¶ 6.) With respect to the allegations in this case, nothing distinguishes the data centers in Virginia from the data centers in any other state. (*Id.*) Any information or evidence related to the data centers in Virginia could just as easily be obtained from a data center in another state, including Washington.

AWS and VADATA are also headquartered in Seattle. (Morales Decl. ¶¶ 2, 4.) AWS and VADATA have no evidence relevant to this case, but even if they had relevant evidence it would more likely be located at their headquarters in Seattle than in Virginia. AWS's and VADATA's presence in Virginia is at best tangentially related to this case, and provides no basis to deny a transfer to the much more convenient forum where all three Defendants are headquartered: the Western District of Washington.

Because Plaintiff has no actual ties to Virginia, it is also more convenient for Plaintiff to litigate in the Western District of Washington than in the Eastern District of Virginia. Plaintiff, the named inventor, and Plaintiff's lead litigation counsel are all located in Los Angeles, California. (Bender Decl. ¶ 2; Compl. at Signature Block.) Los Angeles and Seattle are both located in the Pacific time zone, and Los Angeles is less than half as far from Seattle (960 miles) as from Alexandria, Virginia (2296 miles). (*Id.* ¶¶ 5-6.) It would be much more convenient, and much cheaper, for both Amazon and Plaintiff to litigate in the Western District of Washington: Amazon and its witnesses would not have to travel at all, and relevant documents would be located nearby, while Plaintiff and its witnesses would only have to take a short flight in the same time zone rather than flying cross country.

All Defendants are headquartered in the Western District of Washington, and the vast majority of, if not all, potential witnesses and relevant documents are located in that district. (Dean Decl. ¶¶ 2-4; Morales Decl. ¶¶ 2, 4.) Given that the evidence and key sources of proof are located in the Western District of Washington, and none are located in Virginia, this factor weighs strongly in favor of transfer. *See Bascom*, 2012 U.S. Dist. LEXIS 186712, at *5 (finding defendants' headquarters in the Northern District of California "weighs strongly in favor of transfer"); *see also Pragmatus*, 769 F. Supp. 2d at 995-96 (finding defendants Facebook's, YouTube's and LinkedIn's headquarters in Northern California strongly favored transfer on this factor); *see also In re Genentech*, 566 F.3d at 1345 (finding that transfer was favored where a substantial number, though not all, of the material witnesses resided in the transferee district).

### 3. Key Witnesses, Including Third Parties, are Located in Seattle, Washington.

Defendants are aware of no key witnesses located in the Eastern District of Virginia. The named inventor of the patents-in-suit is located in Los Angeles California. (Bender Decl. ¶ 2.)

The prosecuting patent agent is located in Salt Lake City, Utah. (Bender Decl. ¶ 4.) As discussed above, the vast majority, if not all, of Amazon's relevant witnesses are located in the Western District of Washington. (Dean Decl. ¶ 4.) None of these potential witnesses are located in Virginia.

Here, Defendants are unaware of any third party witnesses in Virginia, and Plaintiff's complaint identifies none. But, several potentially relevant third-party witnesses are located within the subpoena power of the Western District of Washington. For example, as noted above, at least seven former Amazon employees who were involved in the design and development of the accused "Gold Box" and "Lightning Deals" features have a last known address in the State of Washington and within 100 miles of the Western District of Washington courthouse. (Dean Decl. ¶ 8.) Based on Plaintiff's allegations in its Complaint, these third parties likely have relevant and material information. Should these witnesses be needed for trial, they would be subject to compulsory process only in Washington, and not in Virginia. "The fact that the transferee venue is a venue with usable subpoena power [. . .] weighs in favor of transfer, and not only slightly." *See In re Genentech*, 566 F.3d at 1345. Thus, this factor favors transfer to the Western District of Washington

### 4. The Interests of Justice Weigh in Favor of a Transfer.

The interest of justice factor includes consideration of the "pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 639 (E.D. Va. 2003). Courts also consider the extent to which plaintiff has engaged in forum shopping, which may be especially pronounced in cases that have no real nexus to the district. *See, e.g., Intercarrier*

*Communications*, 2013 U.S. Dist. LEXIS 113572, at *17 (granting transfer where the Court decided it "should not allow itself to be overrun by a horde of Visigoths who simply want quick results."); *see also Pragmatus*, 769 F. Supp. 2d at 997 ("When a plaintiff with no significant ties to the Eastern District of Virginia chooses to litigate in the district primarily because it is known as the 'rocket docket,' the interest of justice 'is not served.'" (citations omitted)).

Here, Plaintiff's forum shopping is plain. As shown above, no party has a relevant connection to this District, and that Plaintiff references only data centers in Virginia, instead of identical ones in other states, reveals its true motives: the data centers are not important to this action but are being used purely to contrive a baseless argument for venue. The "interests of justice are not served by such blatant forum shopping." *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 744 (E.D. Va. 2003).

Finally, none of the other considerations for this factor affect the analysis: neither court has heard a related action, both the Western District of Washington and the Eastern District of Virginia are familiar with patent law, and both Plaintiff and Defendants could join other parties if the case were transferred to the Western District of Washington.

*          *          *

Plaintiff has no connection to this forum. Key party witnesses and evidence, along with numerous potentially relevant third parties, are located in the Western District of Washington. And there are no convenience factors favoring the Eastern District of Virginia. In sum, the factors and interests of justice clearly favor transfer to the Western District of Washington. The Court should therefore transfer this case to the Western District of Washington.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this action be transferred to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

/s/ Mary C. Zinsner
Mary C. Zinsner (VSB No. 31397)
mary.zinsner@troutmansanders.com
S. Mohsin Reza (VSB No. 75347)
mohsin.reza@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, Virginia  22182
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

*Of Counsel:*

Matthew J. Moore (*pro hac vice*)
matthew.moore@lw.com
James R. Bender (*pro hac vice*)
james.bender@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Telephone: (202) 637-2200
Facsimile:  (202) 637-2201

Douglas E. Lumish (*pro hac vice*)
doug.lumish@lw.com
Richard G. Frenkel (*pro hac vice*)
rick.frenkel@lw.com
Gabriel S. Gross (*pro hac vice*)
gabe.gross@lw.com
Patricia Young (*pro hac vice*)
patricia.young@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025-1008
Telephone: (650) 328-4600
Facsimile:  (650) 463-2600

Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@troutmansanders.com
Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile:  (804) 697-1339

Counsel for Defendants
AMAZON.COM, INC.,
AMAZON WEB SERVICES LLC, and
VADATA, INC.

Cassius K. Sims (*pro hac vice*)
cassius.sims@lw.com
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile:  (212) 751-4864

August 23, 2013

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd day of August, 2013, I will serve the foregoing by hand delivery, and I will electronically file the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

**Craig Crandall Reilly, Esq.**
Law Office of Craig C. Reilly
111 Oronoco St.
Alexandria, VA 22314
703-549-5354
Fax: 703-549-2604
Email: craig.reilly@ccreillylaw.com

*Counsel for Plaintiff*


      /s/ Mary C. Zinsner
Mary C. Zinsner (VSB No. 31397)
mary.zinsner@troutmansanders.com
S. Mohsin Reza (VSB No. 75347)
mohsin.reza@troutmansanders.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Ste. 500
Tysons Corner, Virginia  22182
Telephone:  (703) 734-4334
Facsimile:  (703) 734-4340

Dabney J. Carr, IV (VSB No. 28679)
dabney.carr@troutmansanders.com
Robert A. Angle (VSB No. 37691)
robert.angle@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone: (804) 697-1246
Facsimile: (804) 698-5124

Counsel for Defendants
AMAZON.COM, INC.,
AMAZON WEB SERVICES LLC, and
VADATA, INC.