HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TELEBUYER, LLC,

           Plaintiff & Counterclaim
           Defendant,

    v.

AMAZON.COM, INC., et al.,

           Defendants &
           Counterclaim Plaintiffs.

CASE NO. C13-1677RAJ

ORDER

The court's only order in this patent case, other than scheduling orders, is a two-page minute order that provided, in relevant part, as follows:

> Defendants should consider the scope of Plaintiff's claims after Plaintiff files its Asserted Claims and Infringement Contentions in accordance with Local Patent Rule 120.  If, after reviewing those disclosures, Defendants believe that additional time is necessary, they shall first meet and confer with Plaintiff.  Defendants may then file a motion, stipulated or otherwise, requesting changes to the scheduling order.

Jan. 21, 2014 minute order (Dkt. # 88).

Defendants (collectively "Amazon") violated that order.  Amazon filed a motion to extend the deadline for its next disclosures (its non-infringement and invalidity contentions in accordance with LPR 121) by 30 days, and filed that motion so that it was fully briefed before Amazon had even received Plaintiff's initial contentions.  Although Amazon purported to have met and conferred in good faith, it rejected Plaintiff's reasonable proposal to permit Amazon to delay its LPR 121 disclosures until after the court ruled on a motion to modify the scheduling order.  The court will adopt Plaintiff's

ORDER – 1

1  reasonable proposal.  Amazon should have done so without seeking relief from the court,

2  and certainly without seeking relief from the court in a motion that squarely violates a

3  court order.  The court accordingly DENIES Amazon's motion for an extension of time

4  (Dkt. # 90) and imposes sanctions as stated at the conclusion of this order.

5         On February 7, Plaintiff Telebuyer, LLC, served disclosures of its asserted claims

6  and infringement contentions.  According to a statement Amazon filed *after* it had

7  completed briefing on this motion, the disclosures are more than 900 pages long, assert

8  nearly 200 claims, and span 7 patents-in-suit.  That most likely means that Amazon will

9  need to extend the March 10 deadline currently in place for its LPR 121 disclosures.  But

10 Telebuyer recognizes that, and already offered to give Amazon any reasonable extension,

11 provided that Amazon requested one in accordance with the court's order.  Instead,

12 Amazon insisted that it file the motion now before the court.  Instead of requesting a

13 reasonable extension to permit it to prepare its LPR 121 disclosures, Amazon requested a

14 30-day extension solely for the purpose of permitting it to prepare yet another motion for

15 an extension.

16        The only explanation Amazon offers for violating the court's order is that the

17 court must have made a mistake in concluding that 31 days between Telebuyer's

18 infringement contentions and Amazon's deadline for a response was enough time to

19 permit Amazon to resolve any scheduling dispute.  Amazon is mistaken.  As Telebuyer's

20 actions (and now this court's actions) reveal, Amazon could have waited, complied with

21 the court's order, and received reasonable relief.  If Amazon was concerned that the court

22 might penalize it for not complying with the March 10 deadline while its motion was

23 pending (a concern that itself seems unreasonable), it could have filed a one-page motion,

24 with Telebuyer's consent, requesting that the court vacate the March 10 deadline pending

25 its ruling.  The court already indicated in its January 21 minute order that it understands

26 that the deadlines currently in place are likely to change once the parties (and perhaps the

27

28 ORDER – 2

court) can assess the scope of Telebuyer's allegations of infringement. The court reiterates that point today.

The court orders as follows:

1) The court DENIES Amazon's motion for an extension of time. Dkt. # 90.

2) The court adopts Telebuyer's reasonable proposal, and orders that Amazon's LPR 121 disclosures are not due until the latest of the following dates: (a) the current March 10 deadline (unless Amazon files a motion for relief from that deadline), (b) any reasonable deadline to which the parties agree, or (c) any deadline the court imposes in an order resolving a dispute over the deadline.

3) As a sanction, Amazon shall pay Telebuyer's reasonable attorney fees for opposing its motion for an extension of time. The parties shall meet and confer and attempt to agree on those fees. If they are unable to agree, a party may file a motion. The court will impose sanctions on any party who takes an unreasonable position in support of or in opposition to that motion.

4) The day after it filed its motion for extension of time, Amazon filed a motion for a protective order that it supported with more than 200 pages of exhibits. In violation of both this District's electronic filing rules and this court's scheduling order, Amazon provided no courtesy copy. The court will not consider Amazon's motion for a protective order until Amazon provides courtesy copies in compliance with the court's scheduling order. The court will terminate that motion unless it receives those copies by the end of this week.

5) The parties must use the expedited joint motion procedure of Local Rules W.D. Wash. LCR 37(b) for every motion they file, excepting dispositive motions and claim construction briefs.

To conclude, the court cautions both parties to remember that their dispute is just one of more than 200 civil cases assigned to this court, to say nothing of the court's

ORDER – 3

active criminal docket.  Their conduct to date suggests that they believe the court has unlimited resources to apply to this litigation.  That is not the case.

Dated this 11th day of February, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4