The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TELEBUYER, LLC, | |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., AMAZON WEB SERVICES LLC, and VADATA, INC., | Case No. 2:13-cv-01677-BJR |
| Defendants. | ████████ **PROTECTIVE ORDER** |
| AMAZON.COM, INC., AMAZON WEB SERVICES LLC, and VADATA, INC., | |
| Counterclaimants, | |
| v. | |
| TELEBUYER, LLC, | |
| Counterclaim-Defendant. | |

Plaintiff Telebuyer, LLC. ("Telebuyer") and defendants Amazon.com, Inc., Amazon Web Services LLC, and VADATA, Inc. (collectively "Amazon") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this litigation and request that the Court enter this Order setting forth the conditions for handling, treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entry of the following Protective Order ("Order" or "Protective Order").

## I.   PROTECTED CONFIDENTIAL INFORMATION

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and RESTRICTED CONFIDENTIAL – SOURCE CODE, as set forth in subsections A through C below.  All three of the identified categories of information are referred to collectively in this Order as "Protected Information."  Each party or nonparty that designates material for protection under this Protective Order shall limit any such designation to only that material, or parts of material, that qualify for the designation assigned to that material.  No party or nonparty shall utilize any mass, indiscriminate, or routinized designations for protection under this Order.

### A.   Information Designated as "Confidential Information"

1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers in good faith to constitute confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  "CONFIDENTIAL INFORMATION" shall include, for example, the following documents and tangible things produced or otherwise exchanged: non-public technical documents

and things pertaining to the design, test, development, architecture, and operation of the accused systems/processes, including schematics, drawings, flow charts, specifications, source code, pseudocode, source code documentation, and other design documents; financial records and/or related documents; communications pertaining to the revenue and profits of the accused systems/processes; documents and communications containing information or data relating to future products not yet commercially released; documents and communications containing information or data relating to business, marketing, and/or product strategy; documents and communications containing information or data relating to commercial or settlement agreements; documents and communications relating to market and/or competitive analyses; third-party confidential information, etc.

2.    The following information is not CONFIDENTIAL INFORMATION:

a.    Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of act(s) not involving a violation of this Order, including but not limited to becoming a part of the public record through trial or otherwise;

b.    Any information that was already publicly known or obtainable prior to the disclosure; and,

c.    Any information that was received by the receiving party from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

3.    Unless otherwise ordered by the Court or agreed to by the producing party, documents, information or other material designated as containing CONFIDENTIAL INFORMATION and information contained therein shall be made available only to:

a.    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, financial and technical analysts, IT staff, litigation support staff, legal secretaries, legal clerks, filing room staff and shorthand reporters;

b.    Technical advisers and their necessary support personnel, subject to

the provisions of paragraphs I.F.1 through I.F.7 herein, provided that such disclosure(s) are only to the extent necessary, and further provided that: (a) such technical adviser(s) have signed the acknowledgement form attached hereto as Attachment A agreeing to be bound by the terms of this Order, and (b) there are no unresolved objections to such disclosure(s) existing after proper notice has been given to all parties as set forth in this Protective Order; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult;

c.      One in-house counsel designated by each party with responsibility for managing this litigation;

d.      The Court, its personnel and stenographic reporters (upon such terms as the Court deems proper), as well as any court considering any appeal or petition in this matter and that court's personnel;

e.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the actions; prior art search firms; non–technical jury or trial consulting services, including mock jurors, who have signed the form attached hereto as Attachment A;

f.      Litigation support vendors specifically retained to assist outside counsel of record with document collection, production, review, and duplication services;

g.      Witnesses who have been subpoenaed or noticed to testify and/or do testify at a deposition, hearing or trial in this Action subject to the limitations set forth in Paragraph I.H.2; and,

h.      Any mediator or arbitrator chosen by the parties or designated by the Court regarding this matter.

**B.      Information Designated "Confidential Outside Counsel Only"**

1.      The  CONFIDENTIAL  OUTSIDE  COUNSEL  ONLY  designation  is

reserved for extremely sensitive CONFIDENTIAL INFORMATION that constitutes or contains (a) trade secrets or commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (b) information or data relating to future products not yet commercially released and/or strategic plans pertaining to future products, including, but not limited to: nonpublic technical information, including schematic diagrams, technical reference manuals, and operations manuals; and, (c) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only that party believes in good faith that the information must be protected from disclosure to the Parties themselves (and to any Non-Party) in this litigation.

2.      Documents, information, or other material designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be made available only to the persons or entities listed in paragraphs I.A.3.a, b, d, e, f, g, and h, and subject to any terms set forth or incorporated therein.

**C.      Information Designated Restricted Confidential – Source Code**

1.      The "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation shall be limited to extremely sensitive items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The following conditions shall govern the production, review and use of Protected Information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" ("Source Code").

2.      All Source Code shall be subject to the following provisions:

a.      Unless  otherwise  agreed  upon  by  the  producing  and  receiving

parties, the Source Code shall be made available in electronic format on one or more password protected computers ("secured computers") in a locked room ("Source Code reviewing room") large enough to accommodate at least three individuals at one of the following locations: (1) a California office of the producing party's outside counsel of record in this action, or (2) a location mutually agreed upon by the receiving and producing parties.  For purposes of this Order, multiple, related defendants may together constitute a single producing party if they are jointly producing Source Code for inspection.

b.      Use or possession by any of the parties' representatives and technical advisers of any input/output device (e.g., USB memory stick, cameras, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing computers containing the Source Code.  The parties' representatives and technical advisers shall be permitted to use personal cellular telephones in order to consult with one another or outside counsel, but may not use the camera function of cellular telephones within the Source Code reviewing room.

c.      The parties' representatives and technical advisers shall be entitled to take notes relating to the Source Code electronically on a laptop that is not connected to any wired or wireless network, but may not use the laptop to capture images or copy sections of the Source Code.  Each party's outside counsel and approved technical advisers shall maintain any such notes as "CONFIDENTIAL OUTSIDE COUNSEL ONLY."  Internet access will be provided in a room adjacent to the Source Code reviewing room.

d.      All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.

e.      The computers containing Source Code will be made available for inspection with 24 hours' notice during regular business hours, which for purposes of this provision shall be 8:00 a.m. through 6:00 p.m., Monday through Friday, local time at the Source Code reviewing room, and other days and/or times agreed upon by the receiving and producing parties.  Upon reasonable notice from the receiving party, the producing party shall make

1   reasonable efforts to accommodate the receiving party's request for access to the secured

2   computer(s) outside of normal business hours.  For purposes of this provision, three (3) business

3   days is reasonable notice.

4   f.   The producing party shall make all relevant and properly requested

5   Source Code available electronically and in text searchable form in its native format and in a file

6   structure that mirrors the file structure of the Source Code as maintained by the producing party

7   when this Action was filed.

8   g.   To the extent necessary, the producing party shall provide the

9   receiving party with information explaining how to access the Source Code on the computers.

10   h.   Each secured computer shall be provided with software allowing for

11   efficient searching and review of the Source Code.  In addition, the receiving party's outside

12   counsel and/or technical advisers may request that commercially available licensed software tools

13   for viewing and searching Source Code be installed on the secured computers provided, however,

14   that (a) the receiving party possesses any appropriate license to such software tools; (b) the tools

15   are in compliance with all of the terms, conditions and protections herein; and, (c) the producing

16   party approves such software tools (such approval shall not be unreasonably withheld).  If the

17   producing party is not in possession of the requested software tools, the receiving party must

18   provide the producing party with the CD or DVD containing such software tool(s) at least three

19   business days in advance of the inspection, and any such CDs or DVDs will be returned to the

20   receiving party after the producing party has loaded the software tools on the secured computers.

21   i.   No person shall copy, e-mail, transmit, upload, download, print,

22   photograph, or otherwise duplicate any portion of the designated Source Code, except as provided

23   in this Order.  The receiving party may print or request portions of Source Code to be printed by

24   the producing party, but only to the extent the receiving party deems it reasonably necessary for

25   use in this action.  The receiving party shall not print Source Code in order to review or analyze

26   blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source

27   Code electronically on secured computers, as the parties acknowledge and agree that the purpose

1  of the protections herein would be frustrated by printing portions of code for review and analysis

2  elsewhere.  Each secured computer shall be equipped with a printer to print copies of the Source

3  Code on paper provided by the producing party, which may be watermarked, colored, and/or pre-

4  Bates numbered.  Under no circumstances are original printouts of the Source Code to be made

5  except directly onto paper provided by the producing party.  The secured computers will be

6  programmed to print on each page a header that identifies the full pathname or other identifying

7  information of the section of Source Code being printed, as well as line numbers of printed Source

8  Code, provided that the inspection software tools do not impede the producing party's ability to

9  print such headers and line numbers.  Counsel for the producing party will keep the original

10  printouts, and, absent a dispute as to the reasonableness of the printing request, shall provide

11  copies of such original printouts to counsel for the receiving party within two (2) business days of

12  being notified that such original printouts have been made.  No copies of all or any portion of the

13  Source Code may leave the room in which the Source Code is inspected except as provided herein.

14  Except as otherwise provided herein, the receiving party shall not request printing of any

15  continuous block of Source Code that results in more than twenty-five (25) printed pages, unless it

16  is reasonably required for printing a source code function or method in its entirety.  The receiving

17  party shall not request printing of more than fifteen hundred (1500) pages in aggregate per

18  producing party during the case.  If the receiving party wishes to exceed the twenty-five (25)

19  continuous page limit and/or the fifteen hundred (1500) aggregate limit, the receiving party may

20  request a meet and confer to discuss the printing of additional code.  If no resolution can be

21  reached, the receiving party shall be entitled to seek a Court resolution permitting additional print

22  requests.

23          j.      Any printed pages of Source Code may not be copied, digitally

24  imaged or otherwise duplicated, including, without limitation, copying, removing, or transferring

25  the Source Code onto any other computers or peripheral equipment except: (a) by outside counsel

26  for the receiving party for the sole purpose of creating hard duplicate copies for retention in the

27  offices of persons authorized to access and review the source code as specified by subparagraphs l

and n; and (b) as necessary for printing exhibits (up to three (3) copies) used at depositions, expert reports, court filings, mediation or arbitration briefs, or exhibits used at trial or court hearings as discussed below.  With respect to provision (a), the paper copies must be kept at all times in a secured and locked room.  The receiving party's outside counsel may make no more than six (6) paper copies of any page of the Source Code received for the purpose of creating hard duplicate copies for retention in multiple offices.  The parties agree that additional copies made under provision (b) shall not count toward the six (6) copy limit.  To the extent the receiving party seeks to make additional paper copies of a particular producing party's Source Code, the Parties shall meet and confer in good faith.  Except as provided herein, the receiving party will not electronically transmit any Source Code in any way, including, but not limited to, electronic transmission from the producing party's facilities or the offices of its outside counsel of record. This provision does not prevent the parties from including Source Code information, when necessary, in discovery responses or disclosures or in e-filings to the Court made under seal. Unless otherwise agreed by the producing and receiving parties, service copies of such e-filings are to be served via secure FTP.

k.     To the extent a producing party possesses any discoverable document that partially contains information that, if standing alone, would be properly designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," the producing party shall to the extent reasonable 1) redact the information from that document and produce the redacted document Bates numbered and under a non-source code designation; and 2) upon request of the receiving party, produce an unredacted copy of the document on the Source Code computer or in paper form pursuant to section I.C.2.i.  The parties agree to meet and confer in good faith to resolve any issues that may arise as a result of this provision.  Paper copies of such documents will not count against any limit on the number of pages of Source Code that the receiving party may request.

l.     Any paper copies designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," whether printed by the receiving party or the producing party, shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the site where any

1  deposition is taken; (iii) the Court; (iv) any intermediate location necessary to transport the

2  information to a hearing, trial, mediation, arbitration or deposition; or (v) offices of technical

3  advisers who have been approved to access Source Code.  At depositions relating to the Producing

4  Party's source code, and upon a reasonable and timely request by the receiving party, the

5  Producing Party will make available for use as deposition exhibits a complete set of produced

6  paper copies of Source Code.  Any Source Code transported outside of counsel's office shall be

7  kept in the possession of an individual specified in Paragraphs I.C.n.1 and I.C.n.2, or in a secure,

8  locked location at all times.  Such Source Code may be hand-transported only by an individual

9  specified in Paragraphs I.C.n.1 and I.C.n.2, and shall not be placed in checked luggage, mail,

10  FedEx, or any other means of transportation.

11              m.      The producing party may require that all individuals, upon each

12  entry or exit of the Source Code reviewing room by that individual, sign a log, provided by the

13  producing party, indicating the name of that individual, whether the individual entered or exited

14  the Source Code reviewing room, and the date and time of such entry or exit.  The producing party

15  shall be entitled to have a person monitor all entrances and exits from the Source Code viewing

16  room.  The producing party shall also be entitled to visually monitor, in a non-intrusive fashion

17  and at reasonable intervals, the receiving party's activities in the Source Code viewing room from

18  outside such room, through a glass wall or window, so long as the producing party cannot hear the

19  receiving party or see the contents of the receiving party's notes or the display of any secured

20  computer(s).  However, the producing party may not use a video camera or other recording device

21  to monitor the Source Code viewing room or the activities of the receiving party, nor may the

22  producing party physically enter the Source Code reviewing room when the receiving party is

23  present, without the receiving party's consent.  The producing party shall not monitor the review

24  conducted by the receiving party through analyzing the electronic access record on the secured

25  computer (e.g., command histories, recent file lists, file access dates, undo histories, and etc.) or

26  otherwise, all of which the producing party acknowledges constitutes the receiving party's work

27  product and shall not be used for any purpose or admitted into evidence in this or any other

1  proceeding.  The foregoing is not intended to restrict in any way the producing party's ability or
2  right to otherwise ensure, for example, that the Source Code remains secure and the secured
3  computer(s) have not been tampered with, and that the provisions of the Order have not been
4  violated.

5          n.      Only the following individuals shall have access to "RESTRICTED
6  CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the
7  producing party or further court order:

8          1)      Outside counsel of record for the parties to this action,
9  including any attorneys, paralegals, technology specialists and clerical employees of their
10  respective law firms;

11          2)      Up to four (4) technical advisers pre-approved in accordance
12  with Paragraphs I.F.1-I.F.7;

13          3)      The Court, its technical adviser (if one is appointed), the jury,
14  court personnel, and court reporters or videographers recording testimony or other proceedings in
15  this action.  Court reporters and/or videographers shall not retain or be given copies of any portions
16  of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by
17  its production Bates numbers;

18          4)      While testifying or preparing to testify at a deposition,
19  hearing or trial in this action only: (i) any current or former officer, director or employee of the
20  producing party or original source of the information; (ii) any person designated by the producing
21  party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure;
22  and/or (iii) any person who authored, previously legally received (other than in connection with
23  this litigation), or was directly involved in creating, modifying, or editing the Source Code, as
24  evident from its face or reasonably certain in view of other testimony or evidence.  Persons
25  authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies
26  of the Source Code except while so testifying.

27          o.      A party may make and use copies and excerpts of the Source Code if

necessary for the preparation of court filings, expert reports, demonstrative exhibits, and attorney work product.   All such documents shall either be clearly marked "RESTRICTED CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal, or those pages containing quoted source code shall be separately bound, and marked "RESTRICTED CONFIDENTIAL – SOURCE CODE".  A receiving party shall make a good faith effort to quote the minimum amount of Source Code necessary in any such document.

p.      Unless agreed by the parties, excerpts or copies of Source Code shall not be included in correspondence between counsel (references to production numbers and/or file names shall be used instead).

q.      Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

r.      The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph n above (e.g., Source Code may not be disclosed to in-house counsel).

s.      Beginning two weeks prior to the date set for trial and continuing through the end of trial, access to the Source Code computers must be provided under the same conditions and with the same limitations and restrictions as provided in this Section, in the city where the trial has been scheduled to occur.  At the receiving party's request and upon reasonable notice, the producing party shall make a Source Code computer available during depositions of the producing party's witnesses and experts.

t.      Unless otherwise agreed in advance by the parties in writing, following each day on which inspection of Source Code is done under this Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing Party shall not be responsible for any items left in the room following each inspection session.  The Parties agree that any notes, documents, or items left behind in the Source Code

1   review room (including electronic records on the secured computers such as command histories

2   and file access records) shall not constitute a waiver of any applicable privilege or protection in

3   this litigation or any other proceeding.  The Producing Party shall notify the receiving party of any

4   such inadvertently left notes, documents, or items, and shall return and/or destroy such notes,

5   documents, or items.

6          u.    A party's agreement to the entry of this Order shall not be deemed an

7   admission that the party must produce Source Code in this lawsuit.

8   **D.    Identifying Protected Information**

9          1.    A producing party may designate documents or written discovery responses

10  as Protected Information by affixing a legend reading CONFIDENTIAL, CONFIDENTIAL

11  OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE (if

12  printed), on each page that contains Protected Information prior to or at the time copies are

13  furnished to the receiving party.  For documents produced in native format, the producing party

14  shall affix the appropriate legend prominently on the medium on which such documents are

15  produced in native format.

16         2.    For other tangible things and information designated as Protected

17  Information, the producing party shall affix the appropriate legend prominently on any tangible

18  thing or media not addressed in the immediately preceding paragraph or, if not feasible to affix the

19  legend to the thing or media, on the exterior of any case or container in which the information or

20  item is stored.

21         3.    Any Protected Information not reduced to documentary, tangible or physical

22  form or which cannot be conveniently designated as set forth in the two immediately preceding

23  paragraphs, shall be designated by the producing party by informing the receiving party of the

24  designation in writing at or before the time of the disclosure or production of the Protected

25  Information.

26         4.    A party or non-party offering or sponsoring testimony at a deposition or

27  other proceeding may identify on the record, before the close of the deposition or other proceeding,

that a specific portion of the testimony contains CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, or RESTRICTED CONFIDENTIAL – SOURCE CODE material.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that offers or sponsors the testimony may invoke on the record (before conclusion of the deposition or proceeding) a right to have up to fifteen (15) days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted, or to supplement the confidentiality designations made on the record.  When this right has been invoked on the record, the transcript of the deposition or proceeding shall be treated as "CONFIDENTIAL OUTSIDE COUNSEL ONLY" until the sooner of (a) receipt of the designations by the receiving party, or (b) expiration of the fifteen (15) day period.  In the alternative, when it appears that substantially all of the testimony qualifies for protection, the party or non-party may designate on the record the entire testimony as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY material.

**E.    Use of Protected Information in Filings with the Court**

1.    This Order does not prospectively authorize sealing of Protected Information filed in the judicial record.  The parties acknowledge that Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    In the event a party wishes to use any Protected Information produced by another party or nonparty in any pleading or document filed with the Court in this litigation, or as an exhibit at a hearing, without placing the information under seal, then the filing party must provide prior notice of its intention to do so sufficiently in advance under the circumstances to permit the producing party a reasonable opportunity to review the Protected Information and determine whether to approve the removal of the confidentiality designations or otherwise approve the filing of the materials without placing them under seal.  If the filing party does not provide such notice, or if the producing party objects to the filing of its Protected Material without placing

1    them under seal, then the filing party must file a sealing motion simultaneously with such pleading

2    or document, requesting that such Protected Information be filed under seal in accordance with the

3    procedures set forth in any applicable local civil rules.   The producing party must provide

4    reasonable assistance to the filing party to support the sealing motion.

5          **F.     Disclosure of Protected Information to Technical Advisers**

6                1.     Information designated by the producing party as Protected Information and

7    such copies of this information as are reasonably necessary for maintaining, defending, or

8    evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers

9    and their necessary support personnel.

10               2.     No disclosure of Protected Information to a technical adviser or his/her

11   necessary support personnel shall occur until that technical adviser has signed the form attached

12   hereto as Attachment A, and a signed copy has been provided to the producing party; and to the

13   extent there has been an objection asserted in compliance with paragraphs I.F.4-I.F.5, that

14   objection is waived or resolved either by agreement of the party engaging the technical adviser and

15   the party objecting to disclosure of Protected Information to such person, or according to the

16   provisions set forth below.

17               3.     A party desiring to disclose Protected Information to a technical adviser

18   shall give prior written notice of the intended disclosure by email to all counsel of record in the

19   litigation, including the following information for each technical adviser: 1) the general categories

20   of Protected Information (e.g., technical materials, financial statements, licensing materials, etc.)

21   that the Receiving Party seeks permission to disclose to the technical adviser; 2) the technical

22   adviser's full name and address; 3) a current curriculum vitae; 4) current employer(s); 5) each

23   person or entity from whom the technical adviser has received direct compensation for work in his

24   or her areas of expertise or to whom the expert has provided professional services, including in

25   connection with a litigation, at any time during the preceding three years; and 6) a listing of cases

26   (by name and number of the case, filing date, and location of court, if known to the technical

27   adviser) in which the technical adviser has offered expert testimony, including through a

declaration, report, or testimony at a deposition or trial, within the preceding four years.  To the extent the technical adviser is unable to disclose the specific employment because of any confidentiality obligations, the advisor shall disclose the time frame, general industry, and any other information sufficient to describe the engagement as permitted by the confidentiality obligations.

4.     The producing party shall have five (5) business days after such notice is given to email any objection to the disclosure to all outside counsel of record for the party desiring to disclose Protected Information to a technical adviser.  Any objection to disclosure to a technical adviser that is not emailed to outside counsel within this time period is waived, and the Protected Information may be disclosed to the technical adviser pursuant to the terms of this Order.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing five business day notice period.

5.     A party objecting for good cause to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and for the purposes of this subsection, "good cause" is an objectively reasonable concern as defined in Paragraph I.F.7 below.

6.     Immediately upon emailing any objection to disclosure of Protected Information to a technical adviser, the producing party will make its counsel available to meet and confer, which meet and confer shall be concluded promptly and in no event later than two (2) business days following the transmission of the objection, unless another time is agreed to by the receiving and producing parties in writing.  If after meeting and conferring the involved parties cannot resolve the objection (where such meet-and-confer need not take place in person), the objecting party may, within five (5) business days of the meet and confer, (a) seek an emergency ruling on the objection from the Court; or (b) file a motion seeking Court resolution of the objection.  A failure to file a motion within the five (5) business day period, absent an agreement

of the parties to the contrary or for an extension of such period, shall operate as an approval of disclosure of Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.  Nothing stated herein shall hinder the ability of the party desiring to disclose Protected Information to a technical adviser to seek an emergency ruling or other relief with respect to the objection, and either party will be entitled to seek such emergency relief.

7.     The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.  This "good cause" shall include a particularized showing that:  (1) the Protected Information is confidential technical or commercial information, (2) disclosure of the Protected Information likely would result in a clearly defined and serious injury to the objecting party's business, and (3) that disclosure of Protected Information to the proposed technical adviser would likely result in the Protected Information being disclosed to the objecting party's competitors, or other particularized, substantiated injury to the objecting party.

### G.     Challenges to Confidentiality Designations.

1.     The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated.  A receiving party may at any time request that the producing party withdraw or modify the Protected Information designation with respect to any document or information contained therein.

2.     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to promptly and informally resolve such disputes.  If an agreement cannot be reached, the

1   receiving party may request that the Court strike or modify a designation. The burden of

2   demonstrating the confidential nature and appropriate designation of any information shall at all

3   times be and remain on the producing party.

4           3.      Until a determination by the Court, the information in issue shall be treated

5   as having been properly designated and subject to the terms of this Order.

6         **H.**    **Limitations on the Use of Protected Information**

7           1.      All Protected Information shall be held in confidence by each person to

8   whom it is disclosed, and shall not be disclosed to any person who is not entitled to receive such

9   information as herein provided. All Protected Information shall be carefully maintained so as to

10  preclude access by persons who are not entitled to receive such information. Protected

11  Information designated under the terms of this Protective Order shall be used by a receiving party

12  solely for this litigation and related lawsuits, and shall be used only for purposes of litigating this

13  case, and related lawsuits, and shall not be used directly or indirectly for any other purpose

14  whatsoever.

15          2.      <u>Depositions and Trial</u>. Except as may be otherwise ordered by the Court,

16  any person may be examined as a witness at deposition and trial and may testify concerning all

17  Protected Information of which such person has prior knowledge. Without in any way limiting the

18  generality of the foregoing:

19            a.      A present officer, director, agent, contractor and/or employee of a

20  producing party may be examined concerning all Protected Information which has been produced

21  by that party.

22            b.      A former officer, director, agent, contractor and/or employee of a

23  producing party may be interviewed, examined and may testify concerning all Protected

24  Information that constitutes or refers to matters of which the witness is believed in good faith to

25  have relevant knowledge, which has been produced by that party and which pertains to the period

26  or periods of his or her employment; and

27            c.      Non-parties may be examined or testify concerning any document

1   containing Protected Information of a producing party which appears on its face or from other
2   documents or testimony to have been received from or communicated to the non-party as a result
3   of any contact or relationship with the producing party or a representative of the producing party.
4   Any person other than the witness, his or her attorney(s), or any person qualified to receive
5   Protected Information under this Order shall be excluded from the portion of the examination
6   concerning such information, unless the producing party consents to persons other than qualified
7   recipients being present at the examination.  If the witness is represented by an attorney who is not
8   qualified under this Order to receive such information, then prior to the examination, the attorney
9   must provide a signed statement, in the form of Attachment A hereto, that he or she will comply
10  with the terms of this Order and maintain the confidentiality of Protected Information disclosed
11  during the course of the examination.  In the event that such attorney declines to sign such a
12  statement prior to the examination, the producing party, by its attorneys, may seek a protective
13  order from the Court prohibiting the attorney from disclosing Protected Information, and the other
14  parties shall not oppose such request.

15           3.      Protected Information shall not be copied or otherwise produced by a
16  receiving party, except for transmission to qualified recipients, except under the terms of this
17  Order, without the written permission of the producing party, or, in the alternative, by further order
18  of the Court.  Except as otherwise provided, however, nothing herein shall restrict a qualified
19  recipient from making working copies, abstracts, scans, digests and analyses of CONFIDENTIAL
20  and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this
21  litigation and such working copies, abstracts, scans, digests and analyses shall be deemed
22  Protected Information under the terms of this Order.  Further, nothing herein shall restrict a
23  qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL
24  OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a
25  data retrieval system used in connection with this action, provided that access to that Protected
26  Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

27  **I.      Inadvertent Production of Protected Information Without**

**Confidentiality Designation.**

1.      Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, to retrieve all copies of the Protected Information from unauthorized recipient(s) thereof, and to secure the agreement of the unauthorized recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

**J.      Protected Information Requested to Be Produced Outside This Litigation.**

1.      If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other discovery request is directed shall promptly give written notice thereof to counsel for every party who has produced such documents with the objective of providing each such party with an opportunity to object to the production of such documents and seek appropriate relief.  If a producing party does not take steps to prevent disclosure of such documents within 10 business days of the date written notice is given or in time to get an order excusing production of the Protected Information before the production is called for by the subpoena or other request, the party to whom the referenced subpoena or request is directed may produce such documents in response thereto.

2.      In the event that the producing party intends to seek such an order to prevent disclosure, the producing party shall promptly so advise the party receiving the subpoena or other

1   discovery request, who shall bear no liability or responsibility to the extent that such notice is not

2   delivered on a timely basis.  Nothing herein shall be construed as requiring the party receiving the

3   subpoena or other request to file a motion excusing its production of the Protected Information, to

4   challenge or appeal any order requiring production of information or material covered by this

5   Protective Order, to violate a subpoena or other lawful request for production, or to subject itself to

6   any penalties for noncompliance with any legal process or order, or to seek any relief from the

7   discovery request.

8       **K.**    **Destruction of Protected Information After Suit Ends.**

9         1.    After final resolution of the case as to any party producing Source Code, any

10   receiving parties shall within thirty (30) business days certify the return or destruction of any

11   printed or duplicated Source Code material.

12         2.    Within 90 days after the entry of a final non-appealable judgment or order,

13   or the complete settlement of all claims asserted against all parties in this action, each party shall,

14   at the option of the receiving party, either return or destroy all physical objects and documents

15   which embody any remaining Protected Information it has received.

16         3.    In the event that a party is dismissed before the entry of a final non-

17   appealable judgment or order, this same procedure shall apply to any Protected Information

18   received from or produced to the dismissed party, including the destruction or return due date of 90

19   days after the entry of a final non-appealable judgment or order resolving the entire case as against

20   all parties, or the complete settlement of all claims asserted against all parties in this action.

21         4.    Notwithstanding the provisions of Section I.K.2, above, outside litigation

22   counsel of record are not required to delete information that may reside on their respective firm's

23   electronic back-up systems that are over-written in the normal course of business, and outside

24   counsel shall be entitled to maintain copies of all pleadings, motions and trial briefs (including all

25   supporting and opposing papers and exhibits thereto), written discovery requests and responses

26   (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, expert reports,

27   and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work

product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only.

### L.    Nonparties to the Litigation

1.    A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Order, and may invoke its protections and restrictions over the nonparty's Protected Information.  To the extent that such nonparty seeks the protections of this Order, it will also be subject to its obligations and deadlines.

2.    A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## II.    PROSECUTION BAR

1.    "Prosecution Bar Materials" mean all CONFIDENTIAL INFORMATION, CONFIDENTIAL OUTSIDE COUNSEL ONLY materials or RESTRICTED CONFIDENTIAL – SOURCE CODE materials produced by a party or a non-party EXCEPT for (i) documents and information not of a technical nature; and (ii) information that is or becomes publicly available, including patents and published patent applications.

2.    Any person who has reviewed opposing producing party's Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending two (2) years following the conclusion of this case (including any appeals) engage in any Prosecution/Acquisition Activity (as defined below) on behalf of a party in this case or non-party.

3.    Prosecution/Acquisition Activity shall include any activity related to the prosecution or acquisition of patents or patent applications relating to: 1) e-commerce technology for searching, displaying, advertising, offering, and/or selling products and/or services, or 2) traffic control technology for interfacing members for video communication over dial-up telephone.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising on, or otherwise affecting the scope or maintenance of patent claims.  Prosecution

includes, for example, original prosecution, reissue, reexamination, or other proceedings affecting the scope or maintenance of patent claims, including *inter partes* review or covered business method review.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination, *inter partes* review, or covered business method review).  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art, without additional input or consultation, to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  For purposes of this paragraph, "acquisition" means the acquisition of patents (including patent applications) or any exclusive rights to patents or patent applications with subject matter relating to: 1) e-commerce technology for searching, displaying, advertising, offering, and/or selling products and/or services, or 2) traffic control technology for interfacing members for video communication over dial-up telephone.  Nothing in these provisions is intended to preclude counsel from participating in activities directly for the purpose of settling litigations.

4.      Notwithstanding the provisions in Section II.1-II.3, the receiving party may seek leave from this Court for litigation counsel, experts and/or consultants to participate in reexamination proceedings (including *inter partes* review and covered business method review) brought by the producing party.  Additionally, Telebuyer may seek leave of Court to exempt particular individuals from the prosecution/acquisition bar, such exemptions to be considered on an individual basis.

## III.   PRIVILEGED INFORMATION.

### A.   Limits on Waiver of Privilege.

1.      Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  The production of a document that is privileged or

otherwise protected from discovery does not result in the waiver of that privilege or protection in this litigation or any other federal or state proceeding, so long as such production is inadvertent and the producing party claws back the inadvertently produced document within a reasonable time after discovery of the inadvertent disclosure.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the produced materials.  The recipient(s) shall promptly gather and return, or destroy, all copies of the privileged material to the producing party.

2.      Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of such documents, and shall not constitute an admission by the receiving party that any such document was, in fact, privileged or protected in any way. The producing party shall retain the documents for submission to the Court in the event the receiving party moves to compel their production.

3.      The parties agree that all attorney-client communications and work product created after the filing date of the earliest-filed complaint in this action are presumptively protected from disclosure at least by the attorney-client privilege and/or the attorney work product doctrine, and shall not be identified on privilege logs in connection with this action.

## IV.     LIMITS ON DISCOVERABILITY OF EXPERT MATERIALS.

1.      Testifying and consulting experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications to and from a testifying or consulting expert, and all materials generated by a testifying or consulting expert with respect to that person's work, are exempt from discovery unless actually relied upon by the testifying expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.  The foregoing does not otherwise restrict discovery by oral deposition of testifying experts, does not obligate any party to retain draft reports, and is not intended in any way to narrow the protections regarding disclosure of expert

materials in Fed. R. Civ. P. 26.

**V.     MISCELLANEOUS**

1.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, or otherwise modify this Order, when convenience or necessity requires. This Order is not intended to prevent a party from seeking additional protections outside of this Order prior to production of Protected Information, when convenience or necessity requires.  Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may agree to release any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

2.     This Court is responsible for the interpretation and enforcement of this Order.  Following termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Order shall be resolved by this Court.

3.     Nothing in this Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their respective clients in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Order.

4.     Each of the parties agrees to be bound by the terms of this Order as of the date counsel for all parties have emailed each other that they approve the terms of this Order, even if prior to entry of this order by the Court.

5.     Nothing in this Order shall prevent any party from disclosing materials in which all Protected Information has been redacted to an individual or nonparty not designated

1   under this Order to receive Protected Information, but only to the extent the producing party

2   verifies that such Protected Information has been properly redacted, which verification shall be

3   performed within a reasonable time.

4         6.     Headings in this Order are for ease of reference only and not intended to

5   alter the provisions of the Order.

6         7.     Any person may be examined as a witness at trial, a hearing or during a

7   deposition concerning any CONFIDENTIAL INFORMATION which that person had lawfully

8   received or authored prior to and apart from this action and, therefore, nothing in this Order shall

9   preclude any Party to this lawsuit or their attorneys from: (1) showing a document designated as

10   "CONFIDENTIAL INFORMATION," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or

11   "RESTRICTED CONFIDENTIAL – SOURCE CODE" to an individual who either authored or

12   was copied on the distribution of the document, as indicated on the document's face; or (2) from

13   disclosing or using, in any manner or for any purpose, any information or documents from the

14   Party's own files which the Party itself has designated as "CONFIDENTIAL INFORMATION,"

15   "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL –

16   SOURCE CODE" provided, however, that such a disclosure or use may be argued by the receiving

17   party to constitute a waiver of the producing party's right to maintain such designations.

18         8.     By stipulating to the entry of this Order, no party waives any right it

19   otherwise would have to object to disclosing or producing any information or item.  Similarly, no

20   party waives any right to object on any ground to the use in evidence of any of the material

21   covered by this Order.  The parties' agreement to this Order shall not constitute a waiver of the

22   right of any party to claim in this action or otherwise that any material, or any portion thereof, is

23   privileged or otherwise nondiscoverable, or is not admissible in evidence in this action or any other

24   proceeding.

25

26

27         ENTERED this 7th day of _____August_____, 2014.

1

2

_____

UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**ATTACHMENT A**
**<u>CONFIDENTIALITY AGREEMENT</u>**

My name is _____.

1.      I reside at _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have read the Protective Order dated _____, 20___, and have been engaged

as _____ on behalf of _____

_____ in the preparation and conduct of the above-captioned litigation.

5.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I submit to, and waive any objection I may have to, the jurisdiction of the United States District Court for the Western District of Washington to enforce the terms of the Protective Order, including after such time as the case may be concluded.  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL – SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL – SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

6.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20____.

_____