UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TELEBUYER, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>AMAZON.COM, INC., AMAZON WEB SERVICES LLC, and VADATA, INC.,<br><br>    Defendants.<br>_____<br>AMAZON.COM, INC., AMAZON WEB SERVICES LLC, and VADATA,<br><br>    Counterclaimants,<br><br> v.<br><br>TELEBUYER, LLC,<br><br>    Counterclaim-Defendant. | Civil Action No. 2:13-cv-1677-BJR<br><br>ORDER GRANTING MOTION TO LIMIT NUMBER OF CLAIMS AND TO APPOINT A TECHNICAL ADVISOR |

## I.  INTRODUCTION

Defendants Amazon.com, Inc., *et al.* ("Amazon") bring this motion to limit the number of patent claims asserted by Plaintiff Telebuyer, LLC ("Telebuyer") in this litigation, and to appoint a technical advisor. Dkt. No. 145 ("Mot."). Pursuant to this Court's Order and Local Civil Rule 37(a)(2), the parties submitted a joint brief on the issues. Having reviewed the parties' arguments together with all relevant materials, the Court will GRANT the motion. The reasons for the Court's decision are set forth below.

## II.  BACKGROUND

### A.  Underlying Dispute

This is an action for patent infringement. Telebuyer alleges that Amazon, by offering goods and services to customers through its websites (including the website www.amazon.com), uses systems and/or methods that directly infringe one or more claims of seven related U.S. Patents: U.S. Patent Nos. 6,323,894, 7,835,508, 7,839,984, 8,059,796, 8,098,272, and 8,315,364 (collectively, the "Asserted Patents"). Amazon alleges that it does not infringe the Asserted Patents, and that the Asserted Patents are invalid. Amazon has also filed counterclaims against Telebuyer seeking declaratory judgment that the Asserted Patents are invalid and have not been infringed.

### B.  Amazon's Motion to Limit the Number of Patent Claims and to Appoint a Technical Advisor

Amazon asserts that this is a highly complex case involving technical computer-related subjects that span nearly 800 patent claims. Amazon requests that this Court compel Telebuyer to reduce the number of asserted patent claims to "some realistic number" in order to "steer this unnecessarily complicated and unusually expensive case towards a more manageable and rigorous examination of the merits." Mot. at 1. To that end, Amazon requests that the Court order Telebuyer to reduce the number of claims to 32. *Id*. at 10. Amazon further requests that this Court appoint a technical advisor to assist the Court in understanding both the computing technology "in Telebuyer's business method patents and the more than 60 actual computing technologies that Telebuyer accuses of infringement." *Id*.

Telebuyer does not dispute that it should reduce the number of asserted patent claims. *See*, *e.g*., Dkt. No. 86 Joint Status Report and Discovery Plan ("Joint Status Report") at 2 (stating that Telebuyer must be "appropriately selective and assert a fraction of the claims"

that Telebuyer alleges are available to it). In Telebuyer's view, it has demonstrated a good faith effort to conduct this case in an efficient manner by limiting its PLR 120 Disclosures to "27 independent claims and 170 dependent claims."[1] Telebuyer states that it is willing to reduce the number of claims even further—to 20 total, no more than 5 per patent—but only after Amazon produces the core technical documents "necessary for Telebuyer to make an informed selection of claims " and this Court has issued the Claim Construction (*i.e.*, *Markman*) Order. Mot. at 5; Dkt. No. 146 Berliner Decl., Ex. F. Telebuyer concedes that Amazon has produced to date nearly 500,000 pages of documents, but charges that the production is "worthless" because the "embedded drawings, flowcharts and hyperlinks were removed" and Amazon redacted and/or withheld key aspects of its source code and/or technical documents. Mot. at 4-5.

Telebuyer does not oppose the appointment of a technical advisor. Mot. at 23.

### III.   DISCUSSION

#### A.   Claim Limitiation

In complex cases, the district court has "broad discretion to administer the proceedings." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006). The district court may exercise such discretion by requiring a patentee to reduce the number of asserted claims. *Eagle Harbor Holdings, LLC. v. Ford Motor Company*, 2013 WL 6173761 at *1 (W.D. Wash. Nov. 25, 2013) (citing *In re Katz Interactive Call Processing Patent*, 639 F.3d 1303, 1311-1312 (Fed. Cir. 2011); *see also*, *Medtronic Minimed Inc. v. Animas Corp.*, 2013 WL 3322248, at *1 (C.D. Cal. April 5, 2013) ("It is undisputed that for

---

[1] The Western District of Washington Local Patent Rule ("PLR") 120 mandates that "[w]ithin 15 days of the Schedule Conference…a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions."

the sake of judicial economy and management of a court's docket, a court may limit the number of asserted claims in a patent case."); *Adobe Systems Incorporated v. Wowza Media Systems LLC*, 2013 WL 9541126 at *1 (N.D. Cal. May 6, 2013) (noting that "District courts possess the authority to limit patent claimants to a set of representative claims" and ordering the patentee to limit the number of representative claims it would assert to 20 claims); E.D. Tex. Model Claim Litigation Order, at ¶¶ 2-3 (limiting patentees to 10 claims per patent and no more than 32 claims in total by 15 days prior to the start of *Markman* briefing, and then requiring that the number be reduced by half 28 days prior to expert reports); Fed. Cir. Advisory Comm. Model Order Limiting Excess Patent Claims & Prior Art, at ¶¶ 2-3 (limiting patentees to 32 total claims after production of documents sufficient to show the operation of the accused instrumentalities, and 16 total claims 28 days after the court enters a *Markman* order).

If a court does order a patentee to limit the number of asserted patent claims, the court should permit the patentee to move for leave to assert additional claims upon a showing of good cause. *See*, *e.g*., *In re Katz*, 639 F.3d at 1310 (noting that district court provided plaintiff with the opportunity to add new claims if plaintiff could establish that the new claims were not duplicative); *Stamps.com Inc. v. Endicia, Inc*., 437 Fed. Appx. 897, 902-903 (Fed. Cir. 2011) (district court did not abuse its discretion in limiting patentee to 15 claims and denying patentee's motion to pursue additional claims where patentee failed to make a good cause showing for the need to pursue the additional claims); *Oasis Research, LLC v. Advice, LLC*, 2011 WL 7272473 at *2 (E.D. Tex. Sept. 13, 2011) (permitting the patentee to move for leave to assert additional claims upon a showing of good cause).

Guided by the well-established goal of securing a "just, speedy, and inexpensive" disposition of a case, this Court finds that limiting the number of claims asserted by Telebuyer is appropriate at this time. *Medtronic*, 2013 WL 3322248, at *1 (quoting Fed. R. Civ. P. 1). This Court rejects Telebuyer's contention that the Court should wait to consider a limitation on the number of asserted claims until after the Claim Construction hearing. It would be a waste of time and resources to conduct such a hearing for a multitude of claims that Telebuyer may later elect not to pursue. Nor is this Court persuaded by Telebuyer's claim that it will be prejudiced if it is forced to reduce the number of its claims at this point. That is because this Court's instruction to reduce the number of claims comes with the *proviso* that Telebuyer can seek to add new claims if it can make a good cause showing that the new claims are not duplicative.

Therefore, this Court adopts the Federal Circuit Advisory Committee Model Order Limiting Excess Patent Claims & Prior Art ("Fed. Cir. Model Order"). Per the terms of the Fed. Cir. Model Order, within 40 days after Amazon produces sufficient documents to show the operation of the accused instrumentalities, Telebuyer must limit the number of asserted claims to not more than ten claims from each patent and not more than a total of 32 claims. In addition, within 28 days after this Court issues its Claim Construction Order, Telebuyer shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. Amazon shall abide by the Fed. Cir. Model Order's corresponding limitations to prior art references.

The Court is aware that the parties dispute whether Amazon completed its production of core technical documents "sufficient to show the operation of the accused instrumentalities." Amazon claims it produced the documents on April 9, 2014; Telebuyer

5

claims Amazon did not produce the documents until July 28, 2014 and what it did produce is not "remotely sufficient to show the operation" of the accused instrumentalities. Mot. at 17. The Court assumes that this Court's recent order denying Telebuyer's motion to compel (Dkt. No. 160 dated October 2, 2014) resolves Telebuyer's issues with Amazon's production. Accordingly, Telebuyer is instructed to limit the number of asserted claims to not more than ten claims from each patent and not more than a total of 32 claims within ten days of the date of this Order. If this Court's assumption is incorrect and the parties continue to dispute whether Amazon has completed its production of core technical documents "sufficient to show the operation of the accused instrumentalities," the parties are instructed to file a joint status report regarding the dispute within ten days of the date of this Order.

### B. Appointment of a Technical Advisor

A district court judge has inherent authority to appoint a technical advisor "where the trial court is faced with problems of unusual difficulty, sophistication, and complexity" provided that the judge deems it desirable and necessary. *See TechSearch L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1377 (Fed. Cir. 2002). Unlike a court-appointed expert, "a technical adviser provides assistance privately outside of the hearing of the parties, and [is] not subject to cross examination." Robert C. Kahrl, Patent Claim Construction 7–56.1 (2002 Supp.). The role of a technical advisor is not to "usurp the role of the judge by making findings of fact or conclusions of law," but "to organize, advise on, and help the court understand relevant scientific evidence," *Fed Trade Comm'n v. Enforma Natural Prods.*, 362 F.3d 1204, 1213 (9th Cir. 2004); *see also id.* ("A technical advisor is a tutor who aids the court in understanding the 'jargon and theory' relevant to the technical aspects of the evidence.").

The Court finds that the appointment of a technical advisor is warranted in this case. In order to resolve this dispute between Amazon and Telebuyer, this Court will have to evaluate highly technical matters that "are well-beyond the boundaries of the normal questions of fact and law with which judges routinely grapple." *TechSearch, LLC v. Intel Corp.*, 286 F.3d 1360, 1379-1380 (Fed. Cir. 2002). The Court further notes that, although Telebuyer does not think a technical advisor is necessary, it does not object to the appointment of one. *See* Mot. at 23.

When appointing a technical advisor, a district court must: "use a 'fair and open procedure for appointing a neutral technical advisor ... addressing any allegations of bias, partiality or lack of qualifications' in the candidates; clearly define and limit the technical advisor's duties…; guard against extra-record information; and make explicit, perhaps through a report or record, the nature and content of the technical advisor's tutelage concerning the technology." *TechSearch*, 286 F.3d at 1379 (quoting *Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572, 611 (9th Cir. 2000) (Tashima, J., dissenting). In addition, the district court must be extremely sensitive to minimize the potential that some of the judicial decision-making function will be delegated to the technical advisor. *Id*.

Accordingly, the Court gives notice to the parties that it will self-impose the following terms and conditions on the technical advisor's appointment:[2]

1.   The Technical Advisor's role shall be limited to assisting the Court in understanding the technology applicable to the patents-in-suit and to "act[ing] as a sounding board" for the Court to "think through the critical technical problems." *Comcast Cable Communications, LLC v. Sprint Communications Co.*, 2014 WL 1329063, at *4 (E.D. Pa.

---

[2]   The guidelines are substantially similar to the well-thought out guidelines self-imposed by the district court in *Comcast Cable Communications, LLC v. Sprint Communications Co.*, 2014 WL 1329063, at *4 (E.D. Pa. April 2, 2014)

April 2, 2014) (quoting *Reilly v. United States*, 863 F.2d 149, 158 (1st Cir. 1988)). The Court also may ask the Technical Advisor to review drafts of its memoranda and orders for technical accuracy. As with counsel's explanation of the technology at issue in the case, the Court will not consider the Technical Advisor's statements to be intrinsic or extrinsic evidence in support of its Claim Construction rulings;

    2.    The Technical Advisor may review any documents of record in this case and may attend any court proceedings. In the event that the Technical Advisor deems it appropriate to independently consult any extra-record materials, s/he shall first seek Court approval. Any such extra-materials independently consulted by the Technical Advisor shall be identified for the parties by the Court;

    3.    The Technical Advisor shall not (1) brief the Court on legal issues, (2) render conclusions of law, (3) engage in an independent investigation of the legal issues involved in the case, or (3) be called as a witness. Further, the Technical Advisor shall be "vigilant about keeping any opinions [as to the merits of the parties' legal arguments] out of [his] explanations." *Id*. (quoting A.J. Nichols, Guidelines for Neutral Experts to the Court § 3.1 (2010));

    4.    The Technical Advisor's communications with the Court shall be *ex parte*. S/he shall "respond *ex parte* to the Court to questions concerning technical or scientific terminology or theory in a manner consistent with his best understanding of relevant, generally accepted scientific knowledge." *Id*. In the unlikely event that the Court asks the Technical Advisor to prepare any formal written report on the technical aspects of the case, the Court will provide a copy to the parties, with the exception of instances where the Court has

requested the Technical Advisor to comment in such form on the technical accuracy of the Court's language in drafts of its memoranda and orders;

5. The Technical Advisor shall have no ideological, financial, or professional interest in the outcome of the litigation. Nor shall s/he use or seek to benefit from any confidential information that s/he may acquire in the course of this employment. Should the Technical Advisor become aware of any conflict or potential conflict s/he shall inform the Court immediately. In such event, the Court will inform the parties and seek their comments;

6. The Technical Advisor shall read the Stipulated Protective Order in this case and will be bound by all of its provisions. Except as may be ordered by this Court, the Technical Advisor's communications with the Court and any information shown or provided to him or her by the Court in connection with this litigation are to be treated as confidential. Communications about any aspect of this case between the Technical Advisor and the Judge and/or the Judge's law clerks and staff are confidential and shall never be disclosed to or discoverable by any other person or party, unless this Court orders otherwise.

7. The Technical Advisor shall have no contact with any of the parties or any of the parties' experts, consultants, or counsel, without first obtaining Court approval. Should any of these individuals contact the Technical Advisor for any reason—other than to provide payment as set forth below—or should any other person seek to communicate with him or her about this litigation, the Technical Advisor shall inform the Court immediately of all facts and circumstances concerning such contact. The Technical Advisor shall not seek to communicate with any individual about the case other than the Judge and/or the Judge's law clerks and staff, absent express Court permission;

8. Upon joint consent of the parties, the Technical Advisor shall be compensated at a rate to be determined by the Court after consultation with the parties and the Technical Advisor. S/he will also be reimbursed for all reasonable expenses, including travel costs. Each side shall pay fifty percent of the fees and expenses. The Technical Advisor shall keep detailed records of his or her time and expenses and shall submit a monthly statement to the Court showing the hours expended. After review and approval, the Court will submit these invoices to counsel for the parties, who shall take responsibility for ensuring that payment is made within forty-five days after receipt of each invoice. Invoices that are unpaid after forty-five days of receipt shall be subject to a late fee of two percent and shall incur interest at the rate of eighteen percent per annum from then until paid. Each side shall pay a refundable retainer in the amount to be determined by the Court after consultation with the parties and the Technical Advisor. The retainer shall be applied to final billings. Any unapplied portion of the retainer shall be refunded at the conclusion of the Technical Advisor's engagement;

9. The Technical Advisor shall promptly execute an affidavit stating that s/he understands and shall abide by the terms and conditions of the appointment. After the completion of the engagement, the Technical Advisor shall execute an affidavit affirming his or her compliance with these terms and conditions.

Although the Court is not compelled by law to permit the parties to lodge written objections to the terms and conditions of a technical advisor's appointment, the Court deems it appropriate to do so in this case out of an abundance of caution and to provide the parties with additional procedural protection. Any objection to the above proposed terms and conditions must be submitted to the Court by letter to Chambers within seven days of the entry of this

Order. Upon receipt of any objections, the Court will confer with the parties to determine if any modification to the terms and conditions is appropriate.

In addition, within seven days of the entry of this Order, the parties are to jointly submit to the Court the name of an individual (along with his or her curriculum vitea) that they think would be an appropriate technical advisor for this case. If the parties are unable to agree on one individual, the parties each shall submit the name of one individual (along with a curriculum vitea) and the Court will choose the individual.

### IV.     CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Amazon's motion to limit the number of patent claims asserted and to appoint a technical advisor. The Court further orders that:

1.      If the parties continue to dispute whether Amazon has produced core technical documents "sufficient to show the operation of the accused instrumentalities," then the parties are instructed to file a joint status report setting forth the disagreement within ten days of the date of this Order;

2.      Otherwise, within ten days of the date of this Order, Telebuyer shall limit (and disclose) the number of its patent claims to not more than ten claims from each patent and not more than a total of 32 claims. In addition, within 28 days after this Court issues its Claim Construction Order, Telebuyer shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. Telebuyer may move the Court to add additional claims that present a distinct issue of infringement, upon a showing of good cause. Amazon shall abide by the corresponding limitations to prior art references;

3. Each party is instructed to notify the Court by letter to Chambers within seven days of the date of this Order if it objects to the proposed terms and conditions of the technical advisor's appointment; and

4. Within seven days of the date of this Order, the parties are to jointly submit to the Court the name of an individual who they believe is qualified to act as a technical advisor in this case. If the parties are unable to agree on one individual, each party shall submit to the Court the name of one individual (along with a curriculum vitea) and the Court will chose the individual.

Dated this 16th day of October, 2014.

Barbara Jacobs Rothstein
U.S. District Court Judge