UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TELEBUYER, LLC,<br><br>                Plaintiff,<br>   v.<br><br>AMAZON.COM, INC., AMAZON WEB SERVICES LLC, and VADATA, INC.,<br><br>                Defendants.<br><br>AMAZON.COM, INC., AMAZON WEB SERVICES LLC, and VADATA,<br><br>                Counterclaimants,<br>   v.<br><br>TELEBUYER, LLC,<br><br>                Counterclaim-<br>                Defendant. | Civil Action No. 2:13-cv-1677-BJR<br><br>ORDER GRANTING MOTION TO REDACT PORTIONS OF TRANSCRIPT OF DECEMBER 17, 2014 TECHNOLOGY TUTORIAL |

## I.    INTRODUCTION

Defendants Amazon.com, Inc., *et al*. ("Amazon") bring this motion to redact portions of the transcript from a technology tutorial held before this Court on December 17, 2014. Dkt. No. 194. Plaintiff and Counterclaim Defendant, Telebuyer, LLC, does not oppose the motion. Having reviewed the motion together with all relevant materials, the Court will GRANT the motion. The reasons for the Court's decision are set forth below.

## II. BACKGROUND

On December 17, 2014, the parties presented a tutorial to the Court describing the technology at issue in this lawsuit. Amazon moves this Court to redact portions of the transcript from the tutorial that it alleges contain "highly confidential information," the disclosure of which "would lead to competitive harm" from third parties. Dkt. No. 194 at 3. Amazon further asserts that the proposed "[r]edactions were selected to limit the information withheld from public view to only the exact statements made during the technology tutorial that Amazon considers to be 'Confidential Information'" under the agreed upon Protective Order entered in this case. *Id*.

## III. DISCUSSION

There is a strong presumption that the public is entitled to access to judicial records. *In re Electronic Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The party seeking to seal a judicial record must overcome this presumption, which can be done by demonstrating "compelling reasons" for sealing the document. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). In this Circuit, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). In *Nixon*, the U.S. Supreme Court established that "the right to inspect and copy judicial records is not absolute," and, in particular, "the common-law right of inspection has bowed before the power of a court to insure that its

records are not used ... as sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

Here, Amazon seeks to redact portions of the transcript that "discuss confidential technical information, including internal processes and algorithms." Dkt. No. 194 at 2. This is precisely the type of information that falls within the definition of "trade secrets." A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757, cmt. b; *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition). This Court has reviewed the proposed redactions and finds that the excerpts are limited to only that information which may reasonably constitute a trade secret. Therefore, the Court finds that Amazon has demonstrated a compelling reason for redacting the transcript.

## IV.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Amazon's motion and ORDERS that the transcript from the December 17, 2014 hearing be redacted as follows:

> Page 48, Lines 23-24, the entire sentence beginning after the sentence, "It does that for millions of customers";
>
> Page 51, Lines 14-15, the phrase beginning after "this diagram" and ending before "and what that represents";
>
> Page 51, Lines 20-21, the sentence beginning after the sentence, "And each of these runs on its own fleet of servers";
>
> Page 55, Line 12, the number preceding "purchase transactions";
>
> Page 55, Line 14, the period of time following the word "last";
>
> Page 55, Line 17, the period of time following the word "last";
>
> Page 56, Lines 5-6, the sentences following the sentence that ends with "vastly

more complicated" and preceding the sentence that begins, "And it's so complicated";

Page 56, Line 17, the number preceding the word "products" on Line 18;

Page 57, Line 20, the number preceding "products";

Page 57, Lines 20-21, the sentence beginning after the sentence that ends, "in the catalog," and before the sentence, "And that sort of builds every day";

Page 58, Line 24 through Page 59, Line 2, the sentences beginning after the sentence that ends, "individual to you," until the end of the paragraph;

Page 59, Lines 10-11, the sentence beginning after the sentence that ends "run experiments constantly," and ending before the sentence that begins, "And to run an experiment";

Page 60, Lines 3-5, the sentence beginning after the sentence that ends, "most of these experiments fail," and that ends before the sentence that begins, "The new option was worse";

Page 60, Lines 6-8, the sentence beginning after the sentence that ends "failure is how you achieve innovation," through the phrase that ends before the words, "that's why Amazon's recommendations keep getting better.";

Page 60, Lines 18-19, from the sentence that begins after the phrase "those relate to product search" until just before the phrase "that one is entitled";

Page 61, Line 5, the number preceding "product";

Page 62, Line 5, the number preceding "documents";

Page 62, Line 20 through Page 63, Line 22, the entire paragraph beginning after the sentence, "So let me explain how that works";

Page 64, Line 16, the number preceding "computer scientists" on Line 17;

Page 64, Line 19 through Page 67, Line 2, the entire section beginning after the sentence, "And how they do it is pretty remarkable," and ending before the sentence, "And that's the sort of 'is' that Amazon has developed"; and

Page 67, Lines 11-12, beginning after the word "experimentation" to the end of the sentence.

Dated this 13th day February, 2015

_____
Barbara Jacobs Rothstein
U.S. District Court Judge